EUGENIA MATTEODO *et al. vs.* NICANDRO RICCI.

APRIL 24, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is a proceeding in equity brought to establish an easement of way by prescription and by necessity in favor of the complainants over the land of the respondent and the cause was heard on bill, answer and oral testimony by a justice of the superior court. Decision was rendered for the respondent and from the final decree dismissing their bill the complainants have brought their appeal to this court.

The substantial facts are not in dispute but the parties appear to draw different conclusions therefrom. The record discloses that these complainants are the owners in fee of lot 476 on assessor's plat 71, situated on the southerly side of Ledge street in the city of Providence. On this lot there is a two-tenement house built near the abutting line of Ledge street and a six-tenement house built within approximately one foot of the westerly boundary of said lot adjacent to lot 153 on said plat. Lot 153 is owned by the respondent and extends from Ledge street on the north to Gillen street on the south. It is approximately 11¾ feet wide and is slightly more than 143 feet in length. Ownership of this

lot had been in dispute until settled by this court in the case of *Matteodo* v. *Ricci*, 148 A. 33. Prior to that time the complainants claimed title to said lot by adverse possession. In that case, the complainants, to support their claim of absolute ownership, put in testimony to the effect that for the statutory period they had exercised complete control over this lot as owners and made full use thereof, including its use as a clothes yard, as a playground for their children, as a general recreation place, and for access to their houses on foot and with vehicles.

In the instant case similar testimony as to their use of the lot was relied on by the complainants to prove their claim of an easement. The respondent contends that such a claim is inconsistent with the complainants' former claim of ownership. Complainants reply that there is no authority for the proposition that a person cannot at the same time claim ownership in fee by adverse possession and also acquire by prescription an easement in the same premises.

In support of his contention the respondent cites *Murphy* v. *Welsh*, 128 Mass. 489; *Cavanaugh* v. *Wholey*, 143 Cal. 164; *Innes* v. *Ferguson*, 21 Ont. App. 323, 24 Can. Supr. Ct. 703; *In re Bull*, 15 R. I. 534; 19 C. J. 904, § 87. The complainants' counsel argues that none of these authorities are in point on this precise question. We have examined these cases and are inclined to agree with complainants' counsel, at least to the extent that the facts presented in those cases and in the cases cited in support of the statement in 19 C. J. *supra*, were very different from those in the instant case, with the exception of *Innes* v. *Ferguson* and *Cavanaugh* v. *Wholey*, *supra*, which will be discussed *infra*. All these cases do agree upon the proposition that one cannot have an easement in his own land and, therefore, where ownership of the dominant and servient tenements is joined or merged in the same owner an easement of way is extinguished. The citation from 19 C. J. 904, § 87, relied on by the respondent, goes even further than this and says that a person "cannot acquire simultaneously a title to the

servient estate by adverse possession and to an easement therein by prescription." The authorities cited for the text—*Cavanaugh* v. *Wholey, supra,* and *Morse* v. *Marshall,* 97 Mass. 519—do not, in our opinion, fully support it. We prefer not to rest our decision of the instant case on this contention made by the respondent.

The second contention made by the respondent against the existence of this easement is very closely related to the first ground. He argues that a person who occupies two adjoining parcels of land cannot so use one parcel as to acquire therein by prescription an easement appurtenant to the other. In support of this contention he cites 19 C. J. 891, § 57; *Innes* v. *Ferguson, supra;* 1 Thompson on Real Property, 492, § 379, and *Providence Tool Co.* v. *Corliss Engine Co.,* 9 R. I. 564. The last named case does not seem to us to involve the point now under consideration. Thompson on Real Propery, *supra,* and 19 C. J., *supra,* appear to be explicit on this point and the Canadian case also.

The court in that case did say, however, after reviewing the authorities: "The foregoing were all cases in which the dominant owner was rightfully in possession of the servient tenement as tenant or otherwise and I have found no case like the present, where the possession was wrongful and without privity of the true owner." The writer of the opinion went on to say: "The principle of the decided cases is, however, as applicable to the present case as to the others, which is the inconsistency or incompatibility of an easement with the actual possession of the land both in the same person." There are elements in that case, however, including a statute, on which the decision may rest, without reliance on the broad principle above stated; and this lessens the weight to be given to the case as a precedent in the instant case.

The complainants have cited authorities which they contend are to the contrary. We have examined them but do not find that they are in point on this proposition,

except *Cavanaugh* v. *Wholey, supra.* *Steere* v. *Tiffany,* 13 R. I. 568, certainly is not in point, for in that case this court was dealing with the question of the loss of an easement and the proof necessary to show the loss by abandonment. To the like effect is complainants' citation of 19 C. J. 950, § 167.

The English cases cited by them are also of no assistance, as the problem before the court in each of them differs from that here. In *James* v. *Plant,* 4 Ad. & El. 749, the court refused to hold that there was an extinguishment of an admitted previously existing easement where a person held an estate in fee and another for a term of years. The court said that unity of possession would suspend the easement during the time possession continued united in the one person but construed the grant of the way to be good. Plainly the court was dealing there with the continuance of a previously granted easement under certain circumstances of unity of possession of the two tenements in the one person and not with the creation of an easement by prescription contemporaneously with unity of possession of the two tenements, one of them adversely to the true owner, as in the instant case.

The other English case—*Thomas* v. *Thomas,* 2 C. M. & R. 34—cited by the complainants is to the same general effect and does not relate to the point we are considering. Neither, it seems to us, does the citation of 19 C. J. 946, § 159, from which the complainants quote the following statement in support of their position: "Where a person holds land by a defective title and an easement in the same land by a valid title, the easement is not extinguished by unity of possession."

The citation of the authority which supports this statement is *Tyler* v. *Hammond,* 11 Pick. (Mass.) 193. In that case the court held that the person claiming the fee in the servient tenement under a defective title did not thereby forfeit his legal rights to an easement which he already had by grant or reservation, and that he had the

right to try the validity of his title to the fee without prejudice to his other claims. We think the case supports the statement in 19 C. J., *supra*, but we do not think the instant case, with which we are concerned, comes within the rule there laid down. We are concerned with the problem of the legality of a claim of prescriptive user to a way over a certain tract of land, and a claim of title thereto in fee by adverse possession, both claims running concurrently. This is a situation quite different from that in *Tyler* v. *Hammond, supra,* where a valid easement by grant and not by prescription already existed and title to the fee was afterwards claimed by adverse possession. Here we are dealing with the creation of an easement and there the Massachusetts court was confronted with the contention that a valid existing easement was extinguished by the unsuccessful attempt of the holder thereof to acquire title in fee to the servient tenement.

On the other hand, the reasoning and decision in *Cavanaugh* v. *Wholey, supra,* cited by the complainants and by the respondent, seem to us to be *contra* to both of the broad contentions made by the respondent in the instant case. There the defendant and appellant, Wholey, had set up in defense a right of way acquired by prescription and the court below had decided against him thereon. This decision was reversed because one of the grounds upon which that court had based its decision was that he could not acquire an easement by prescription during a period while he was in adverse possession of the whole tract of land through which the alleged way passed. The supreme court said that of the two elements of prescription, *user* and *adverse claim,* the former clearly could coexist with adverse possession of the tract of land; and that the precise question to be considered, therefore, was whether there could be a *claim* of a right of easement adverse to the owner by one in adverse possession of the land. It then decided that "this question, we think, cannot be otherwise answered in the affirmative. For . . . where . . . the user

of the way is such as to show an intention permanently to devote the land to the use, the adverse claim to the land will necessarily include the claim to use the land for the particular use indicated, and will thus constitute an adverse claim to the right of way used,'' the principle applied being that the greater includes the less.

This reasoning is the ground of the decision and seems to us contrary to both of the broad contentions of the respondent in the instant case. In this state of the authorities we prefer to rest our decision of the case upon certain facts clearly proved therein, which in our judgment clearly distinguish it from *Cavanaugh* v. *Wholey, supra,* and require a decision for the respondent.

In the *Cavanaugh* case, the appellant had fenced off a distinct strip, forming a part of the tract of land to which he claimed title in fee by adverse possession, for use as a way appurtenant to adjoining land owned and occupied by him; and he had improved and used it solely for that purpose. The court strongly relied on these facts. In the instant case, on the contrary, it is clear from the evidence that the lot in question, over which the complainants now claim right of way, is precisely the same as the one to which in their former case they asserted title in fee by adverse possession; that it has not been separated in any perceptible way from the land owned by them in fee to which they now claim the right of way to be appurtenant; that they have used it constantly as an integral part of that land and not only for purposes of passage, but as a playground for their children, a drying yard for clothing, putting up across it for that purpose ropes, which would prevent it from being used for passage; and that they have thus and otherwise used it for purposes which are inconsistent with its use for a right of way and with any claim by them to an easement therein.

Therefore, we are of the opinion that the trial court was fully justified in entering the decree dismissing the bill of complaint.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Charles R. Easton*, for complainants.
*Judah C. Semonoff*, for respondent.