Moore *against* Cable.

Possession by the mortgagee, for a period short of twenty years, will not bar the equity of redemption; the possession must be an actual, quiet, and uninterrupted possession, for twenty years, or a period sufficient to toll the right of entry at law.

A mortgagee or assignee, in possession, is not to be allowed for his *improvements* in clearing wild land, but only for necessary reparations, &c.; and must account for the rents and profits received by him, except such as have arisen exclusively from his own improvements.

BILL for the redemption of a mortgage. On the 26th of *February*, 1789, *William Brown*, being seised of the premises, lot No. 54., in *Smith & Graves's* patent, conveyed the same to *Joseph Roe*, who, for securing the purchase money, reconveyed them to *Brown*, by mortgage, dated the 27th of *February*, 1789, and conditioned for the payment of 40*l.* with interest, on the 1st of *May*, 1790. On the 28th of *October*, 1794, the mortgage was assigned to the defendant, for the consideration of 30*l.*, by the brother of *Brown*, as his attorney. The heirs of *Roe*, on the 1st of *August*, 1807, sold and conveyed the premises to the plaintiff, with covenants and warranty.

It appeared that the defendant entered into actual possession of the premises, by his tenants, in 1800, but had, previous to that time, exercised acts of ownership. He continued in possession until 1808, when he, in conjunction with one *Corbin*, took a lease from the heirs of *Roe*. *Corbin*, being in as tenant of the defendant, consented to let in the plaintiff with him; and the defendant brought an action of ejectment, and recovered judgment in 1813, and has since continued in possession, and made improvements, by clearing part of the land, and has received the rents and profits. The plaintiff did not know, until the trial of the

1815.     ejectment, in 1813, that the defendant held under a mort-
          gage, and had, in 1807, offered to purchase his interest.
MOORE
v.
CABLE.        *S. A. Foot*, for the plaintiff.    He cited 5 *Bac. Abr.* tit.
          *Mortgage*, (E.)   2 *Cruise's   Dig.*  140.  s.  18.   2 *Salk.*
          450.

              *Henry*, for the defendant, contended, that the possession
          was to be presumed to be in the mortgagee, after the default
          in *May*, 1790.  (9 *Johns. Rep.* 604—614.)   The remedy
          in law, after such a length of possession by the mortgagee,
          would be gone, and so the equity of redemption was lost.
          (1 *Powell on Mortg.* 386.    3 *P. Wms.* 287.)

              THE CHANCELLOR.   Two questions are presented by this
          case.
              1. Is the plaintiff entitled to redeem ?
              2. Is the defendant entitled to an allowance for the im-
          provements he made while in possession, by clearing a part ?

              1. It appears that *Cable*, the assignee of the mortgagee,
          took actual possession of the premises in the year 1800,
          though he had exercised acts of ownership previous to that
          time.   It does not appear in what those acts of ownership
          consisted, nor how long, previous to the time of the actual
          entry, those acts had taken place.   It was in the power of
          the defendant, as the fact was within his own knowledge, to
          have afforded clear and decisive testimony on this point, and
          as he has omitted to do it, he is not entitled to the benefit of
          any presumed possession prior to the year 1800.   His ac-
          tual possession, in any view of the case, falls far short of the
          length of time which has been adopted by the courts of equity
          as sufficient to bar the right of redemption.   They have
          taken the period of twenty years of quiet and uninterrupt-
          ed possession by the mortgagee, as being the period that, by
          the statute of limitations, tolls the entry at law ; and I be-
          lieve there is no case to be found in which a less period has
          been held a bar to the equity of redemption.   A length of

time, said the Lord Chancellor, in *Cook* v. *Arnham*, (3 *P.* *Wms.* 283.,) which will not bar an ejectment, cannot bar a bill in equity. And, in another case, (*Anon.* 3 *Atk.* 313.,) Lord *Hardwicke* held the period of fifteen years (which is precisely the time here) no bar to the redemption, and that the assignee of the equity (as is also the case here) had the same right to redeem as the mortgagor himself. Nor will a mere constructive possession, for 20 years, be sufficient. The courts require an actual possession by the mortgagee during the period that is to form the equitable bar; for, as they adopt the rule by analogy to the statute of limitations, it requires the same actual and continued possession to form a bar in equity that is requisite to form a bar at law. The idea suggested by the counsel for the defendant, that as the mortgaged premises were, probably, wild, uncleared lands, possession is to be deemed to have followed the right, and to have been in the mortgagee after default of payment, is not applicable to this case. That fiction was adopted by the courts to preserve the lands of the true owner, while in their uncultivated state, from intrusion and trespass; and it would be a perversion of the rule, to make it operate by way of extinguishment of a right. Nothing short of actual possession for twenty years will, at law, toll the entry of the true owner; and the equity of redemption, which, in this court, is the same as the fee at law, ought to be equally protected.

The plaintiff, therefore, as assignee of the equity of redemption, is entitled to redeem.

2. The next question is, whether the defendant, standing in the place of the mortgagee, can be allowed for what the case states as improvements in clearing part of the land. Such an allowance appears to me to be unprecedented in the books, and it cannot be admitted consistently with established principles. The defendant was, in this case, a volunteer. Instead of calling upon the debtor, or foreclosing the mortgage, he elected to enter upon uncultivated

*1815.*

MOORE
v.
CABLE.

1815.

MOORE
v.
CABLE.

lands, and to exercise acts of ownership by clearing a part. To make the allowance would be compelling the owner to have his lands cleared, and to pay for clearing them, whether he consented to it or not. The precedent would be liable to abuse, and would be increasing difficulties in the way of the right of redemption. Many a debtor may be able to redeem by refunding the debt and interest, but might not be able to redeem under the charge of paying for the beneficial improvements which the mortgagee had been able and willing to make. The *English* courts have always looked with jealousy at the demands of the mortgagee, beyond the payment of his debt. In *French* v. *Baron*, (2 *Atk.* 120.,) the Chancellor would not allow the mortgagee any thing more than his principal and interest, though there was a private agreement between the mortgagor and mortgagee, for an allowance for the mortgagee's trouble in receiving the rents and profits of the estate. The same thing was repeated in the case of *Godfrey* v. *Watson*, (3 *Atk.* 517.,) and Lord *Hardwicke* there said, that a mortgagee in possession was not obliged to lay out money any further than to keep the estate in necessary repair; but if the mortgagee had expended money in supporting the title of the mortgagor when it had been impeached, he would allow it. The same doctrine was maintained in the case of *Bonethon* v. *Hockmore*, (1 *Vern.* 316.,) in which it was declared, that no allowance was to be made to a mortgagee or trustee for their care and pains in managing the estate.

I shall, accordingly, direct a master to compute the principal and interest due on the mortgage, down to the 1st of *January* last, and that, in taking the account, he charge the defendant with the net amount of the rents and profits received, except such as shall appear to have exclusively arisen from his own expenditures in improvements; and that he allow for the expense of necessary reparations, if any, but not for improvements in clearing part of the land; and

that he report with all convenient speed ; all the other ques-
tions are in the mean time reserved.

Decree accordingly.