LEVI E. GREEN, RESPONDENT, v. JOSEPH LAMB, APPELLANT.

*Mortgagee in possession — right of, to commissions.*

In this State there is no fixed rule, applicable to all cases, determining whether or not a mortgagee in possession is, upon an application by the mortgagor to redeem, entitled to commissions upon the amount received and expended by him.

The decision of this question rests in the discretion of the court or referee trying the action, and when it is not unreasonably exercised the appellate court will not interfere therewith.

APPEAL by the defendant from a judgment entered on the report of a referee.

October 6, 1866, the plaintiff contracted to sell to Solomon Knight a farm incumbered by five mortgages amounting to $2,461, for $6,000; $1,000 to be paid by March 1, 1867, and $500 annually thereafter. The plaintiff was to give a deed when the $1,000 was paid, and Knight to give back a bond and mortgage for the balance.

The plaintiff being in want of money, it was agreed between the parties that the defendant should raise for him $1,000, take a deed

of the farm from him and convey it to Knight and take back a mortgage from him for the balance. On the 27th day of March, 1867, this arrangement was carried out and the deed was executed to Knight and the bond and mortgage were executed by Knight to the defendant for $2,539.

The plaintiff went west and Knight occupied the farm during the season of 1867, and left in the winter following. He had committed waste on the premises, and in the spring of 1868 the defendant had procured an injunction and foreclosed his mortgage, bidding off the premises himself at $4,200. He occupied the farm in 1868 and had the rents and profits, etc., worth $250. October 12, 1868, defendant sold the farm to one Dye, for $4,500, subject to the above-mentioned five mortgages, then amounting to $2,361, and the balance of $2,139 Dye paid to defendant.

This action was brought by the plaintiff to recover the balance of the money which was alleged to belong to him.

The referee stated an account between the parties as of October 12, 1868 (the day defendant sold the farm to Dye), charging him with the $2,139 and the use of the farm in 1868 at $250, and giving him credit for all he had paid or advanced for the plaintiff, and struck a balance of $268.07, and in his conclusions of law found the defendant liable for that amount.

He refused to allow him commissions and allowed the plaintiff costs against him.

*S. D. White*, for the appellant. The referee erred in not allowing the defendant some compensation for his services, either by way of statutory commissions or upon a *quantum meruit*. 1. He was entitled to statutory commissions. (9 Paige, 398; 23 Barb., 211; 32 id., 587; 35 N. Y., 187: 39 id., 202; 40 id., 96; 46 Barb., 579.) 2. If not to commissions he was upon a *quantum meruit*. (1 Johns. Ch., 27; 6 Lans., 368; approved, 56 N. Y., 668; *Iddings* v. *Bruen*, 4 Sand. Ch., 238–287; 39 N. Y., 202–3.) When a party asks equity he must do equity. This case is not within the exceptions to the rule which allows compensation. (5 Johns. Ch., 534; 4 E. D. Smith, 534; 37 Barb., 133.) It is no answer to his right to compensation, that the proceeds of the mortgage or land was coming to himself, or that he received a benefit by getting security

on the appeal bond, for that security was promised originally. (See 9 Paige, 398; 4 Redf., 405.)

*L. L. Bundy*, for the respondent. The defendant was not entitled to commissions on the funds received or paid out. It is evident that no compensation was contemplated by or between the parties. (*Mason* v. *Roosevelt*, 5 Johns. Ch., 534; *Green* v. *Winter*, 1 id., 27; *Manning* v. *Manning*, 1 id., 527; Perry on Trusts, §§ 904, 905, 911, 916, 918 and note; Tiffany & Bullard on Trusts, 940; *Ireland* v. *Potter*, 25 How., 175.) It is entirely clear that the defendant was not a statutory trustee, and hence not entitled to the statutory allowance. (2 Stats. at Large, 95, § 58; 6 id., 126, § 8; *Ogden* v. *Murray*, 39 N. Y., 202, 204, 206; Story's Equity Juris., § 466; Hill on Trustees, § 535).

LEARNED, P. J. :

The defendant claims that he should have been allowed commissions. Now it must be noticed that this is not the case of a trustee accounting with a *cestui que trust.* The defendant was, on the contrary, simply a mortgagee in possession. The conveyance to him, absolute in form, was in fact to secure a debt and liability.

In *Moore* v. *Cable* (1 Johns. Ch., 385), some of the early cases are cited on this point, holding that such a mortgagee is not entitled to commissions. Among others is *Bonithon* v. *Hockmore* (1 Vern., 316). But it should be noticed that in that early case the mortgagee in possession is classed with a trustee; and it is said that neither was entitled to commissions. Plainly the law is changed as to a trustee.

In *Walsh* v. *Rutgers F. Ins. Co.* (13 Abb., 33), on an accounting between owner and mortgagee in possession, nothing is said about commissions; and they do not seem to have been allowed. In fact, this relationship does not often arise in this State. On the other hand, in Massachusetts, where a mortgagee enters after default for the purpose of foreclosure, the question as to commissions has arisen more frequently. In an action to redeem it has been held, that the mortgagee in possession, having entered for breach of condition, is entitled to ordinary commissions, and even, in special cases, to more. (*Casenave* v. *Cutler*, 4 Metc., 246; *Adams* v. *Brown*, 7 Cush., 220.)

On the whole, we are of opinion that no fixed rule should be laid down, which would apply to every case where there is the legal relation exising between mortgagee in possession and owner. The circumstances which cause the relation may differ widely, and may make different rules as to commissions just and proper. Here the defendant, who was in fact mortgagee, entered by virtue of the conveyance and with the evident consent of the grantor. His receipt of the rents and profits was partly at least to pay the debt owing to him. He did not enter after condition forfeited, or for the purpose of foreclosure, as in the Massachusetts cases.

In the present case the referee has thought that the defendant should not have commissions ; and we think that there is nothing so unreasonable in his decision on that point that we should change it. In many matters which are discretionary, the opinion of the referee who tries a case is more likely to be correct than that of an appellate court, who only read a printed case.

So, too, on the question of costs. We suppose that the costs are of course, from the nature of the complaint, But without deciding that point, the referee, if costs were discretionary, could judge from the witnesses before him which of the parties had acted in good faith, and on which the burden of costs should be thrown.

We see no reason to disturb the judgment and it must be affirmed, with costs.

BOCKES and BOARDMAN, JJ., concurred.

Judgment affirmed, with costs.