## PICKERING *v.* PICKERING.

On a bill in equity for an accounting, brought by a tenant in common against his cotenant, who has been in possession and received the entire rents and profits, the defendant may be allowed the expense of

necessary repairs that have materially increased the value and income of the common property, but not the expense of insurance, if it does not appear that it was procured for the plaintiff, or with his knowledge, or on his interest, or that he has received or claimed any benefit from it.

BILL IN EQUITY, for an accounting between tenants in common. The defendant claimed to be allowed for necessary repairs made by him upon the premises without notice to the plaintiff.

*John Hatch*, for the plaintiff. "I know of no adjudication or principle by which one shall be compelled to pay another for services rendered without request or assent, express or implied. The plaintiff is not liable for money paid, because it was without his assent; nor is he liable as cotenant, because he was not in fault, having never been requested to make the repairs. That the repairs were proper and necessary does not alter the case." *Savage*, C. J., in *Mumford* v. *Brown*, 6 Cow. 475.

This has been the uniform rule, that one tenant in common cannot compel his associate to contribute for repairs to the common property without a previous request to unite in making them. The old writ *de reparatione facienda* implied notice and a refusal to join. *Doane* v. *Badger*, 12 Mass. 65–70; *Stevens* v. *Thompson*, 17 N. H. 103–111; *Wiggin* v. *Wiggin*, 43 N. H. 561–568; *Calvert* v. *Aldrich*, 99 Mass. 74; *Kidder* v. *Rixford*, 16 Vt. 169; *Crest* v. *Jack*, 3 Watts (Penn.) 238; *Dech's Appeal*, 57 Penn. St. 467; *Beaty* v. *Bordwell*, 91 Penn. St. 438; *Walter* v. *Greenwood*, 29 Minn. 87; *Stover* v. *Cory*, 53 Iowa 708; *Hancock* v. *Day*, 1 McMull. (S. C.) Eq. 69—S. C., 36 Am. Dec. 293; *Louvalle* v. *Menard*, 1 Gill. (Ill.) 39—S. C., 41 Am. Dec. 164; *Thurston* v. *Dickinson*, 2 Rich. (S. C.) Eq. 317—S. C., 46 Am. Dec. 56.

In *Stevens* v. *Thompson*, *supra*, it was held that a tenant in common cannot charge his cotenant with additions made to the buildings without some agreement; and if he may recover a contribution for necessary repairs, he can do so only upon notice and an opportunity to his cotenant to unite in making the repairs, or unless the repairs are made under such circumstances as excuse a want of notice. In *Wiggin* v. *Wiggin*, *supra*, *Bellows*, J., said—"We find no authority that would sanction the making of repairs by one tenant without the request of the other."

Here the case does not show any such need of immediate repair that the defendant had no opportunity to notify the plaintiff, nor any circumstance that would excuse a request to join in making the improvements.

It may be said that this is an equitable proceeding, and the expenses having been incurred in good faith for the common benefit of the owners of the property, the plaintiff should share in them, as she has in the increased income; but there is nothing to show that she was able, or in a situation, to have joined in the improvements, had she been requested to do so. It may be said of almost all prop-

erty that is rented, if money were expended upon it, it would be materially increased in value and income, but the owner, being unable to incur the expense, has to submit and be content with the moderate return it brings him.   Her inability or reluctance to suffer the cost of the repairs or desired improvements is no hardship to the defendant.   If he desires a different state of things, he has his easy and prompt remedy by partition of the common property; but while he chose to own it in common, he was bound to so use and manage it as not to inflict an injury on his cotenant by making repairs that were beyond her means.                 •

*J. W. Emery*, for the defendant.

BINGHAM, J.   The plaintiff seeks for an accounting, and to charge the defendant for the rents and income of lands and buildings thereon.   The parties are tenants in common.   The defendant has had the possession and income of the property since December 27, 1883, and has in that time expended $370 in necessary repairs that materially increased the value of the buildings and the income, and claims to be allowed for the same in the accounting. The plaintiff had no notice of the repairs, and was not requested to join in making them.

If we are to consider it settled at common law that one tenant in common cannot recover of his cotenant a contribution for necessary repairs, where there is no agreement or request or notice to join in making them, or excuse for a notice not being given to join *(Stevens* v. *Thompson*, 17 N. H. 103, 111, *Wiggin* v. *Wiggin*, 43 N. H. 561, 568), because both parties, until this is done, are equally in fault, one having as much reason to complain as the other *(Mumford* v. *Brown*, 6 Cow. 475–477, *Kidder* v. *Rixford*, 16 Vt. 169–172, 4 Kent Com. 371, *Doane* v. *Badger*, 12 Mass. 65–70, *Calvert* v. *Aldrich*, 99 Mass. 78), it does not follow that in this proceeding for an equitable accounting for the income, a part of which is produced by the repairs, the defendant may not be allowed for them.   There is a wide difference between a right of action at common law to recover a contribution for repairs, and a right to have them allowed out of the income, which exists in part through their having been made.   In the first case, the party makes them at his will on the common property without the consent or knowledge of his cotenant, while in the last the cotenant recognizes the existence of the repairs, that they have materially increased the income, but demands the increase and refuses to allow for the repairs.   The objection, that no privity, no joint knowledge, no authority existed, is in equity and good conscience waived when the entire income is demanded.   It is not unlike the ratification of the acts of an assumed agent : it relates back to the time of making the repairs, and makes the plaintiff a privy from the beginning. He cannot claim the repairs and the income, and equitably ignore the expense of making them.

In *Moore* v. *Cable*, 1 Johns. Ch. 385, a bill for the redemption of a mortgage, it was decided that the mortgagee should not be charged for rents and profits arising exclusively from repairs made by him.

In *Jackson* v. *Loomis*, 4 Cow. 168, an action of trespass for mesne profits against a *bona fide* purchaser, it was held that he should be allowed against the plaintiff, in mitigation of damages, the value of permanent improvements, made in good faith, to the extent of the rents and profits claimed by the plaintiff. *Green* v. *Biddle*, 8 Wheat. 1.

In *Rathbun* v. *Colton*, 15 Pick. 472, 485, it was decided that when the rent of a trust estate is increased in consequence of improvements made by the trustee, the beneficiary may be put to his election, either to allow the trustee the expense of such improvements, or be deprived of the increase of rent obtained by means thereof; that the question was not whether the trustee has a right to make a charge for the improvements, but whether the plaintiffs were entitled to receive any benefit for them, they refusing to contribute their share towards the expense.

It seems, however, that courts of equity have not confined the doctrine of compensation for repairs and improvements to cases of agreement or of joint purchases, but have extended it to other cases where the party making the repairs and improvements has acted in good faith, innocently, and there has been a substantial benefit conferred on the owner, so that in equity and right he ought to pay for the same. 2 Story Eq. Jur., ss. 1236, 1237, 799 *b*; *Coffin* v. *Heath*, 6 Met. 76, 80. And in 2 Story Eq. Pl., *s.* 799 *b*, *n.* 1, it is said,—" In cases where the true owner of an estate, after a recovery thereof at law from a *bona fide* possessor for a valuable consideration, without notice seeks an account in equity as plaintiff against such possessor for the rents and profits, it is the constant habit of courts of equity to allow such possessor (as defendant) to deduct therefrom the full amount of all meliorations and improvements which he has beneficially made upon the estate, and thus to recoup them from the rents and profits. * * * So, if the true owner of an estate holds only an equitable title thereto, and seeks the aid of a court of equity to enforce that title, the court will administer that aid only upon the terms of making compensation to such *bona fide* possessor for the amount of his meliorations and improvements of the estate beneficial to the owner." This is on the old, established maxim in equity jurisprudence, that he who seeks equity must do equity. *Hannan* v. *Osborn*, 4 Paige Ch. 336; *Dech's Appeal*, 57 Penn. St. 468, 472; *Peyton* v. *Smith*, 2 Dev. & Bat. Eq. 325, 349; *Hibbert* v. *Cooke*, 1 Sim. & S. 552.

The sum of $370 for the repairs may be deducted from the income, if it amounts to that sum; if not, then to cancel the income, whatever it may be.

The claim for insurance should be disallowed. It does not appear that it was procured for the plaintiff, or in her interest, or

with her knowledge, or that she has ever received or accepted any benefit arising from it.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.