LUCY BRANCH ET AL. V. LIDA MAKEIG ET AL.

No. 1112.

1. **Separate Property—Evidence.**—Deed to city lots was made to wife. After her death the husband married again. The lots were occupied as his homestead. In suit by children of first marriage against his widow, it was competent to prove his declarations, while negotiating the purchase, that he was buying for his wife, to be her separate property.

2. **Transactions with Deceased.**—Widow was claiming, against children of her deceased husband's first marriage, for advances made by her to her husband. It was error to allow the widow to testify in her own behalf to such transaction with the deceased against his heirs. Rev. Stats., art. 2248.

3. **Money Advanced by Wife to Husband for Support of Family.**—Widow claimed as against heirs of her deceased husband for advances by her made to her husband for support of the family, and also asked, that the money advanced be declared a lien upon the entire property owned by his children and occupied as homestead. *Held*, such claim is without authority of law, and to grant it was error.

4. **Advances for Taxes and Necessary Improvements.**—Widow in possession of homestead of her deceased husband is entitled to money paid by her for taxes in suit for the property by heirs of the husband; also to be paid the additional value at time of trial put upon the property by improvements placed thereon by her, less value of use and occupation.

5. **Advances by Tenant in Common for Taxes and Improvements—Limitations.**—Heirs by a former marriage sued the widow for the homestead. The widow had no interest therein under the law, but had resided thereon, paying taxes and making improvements. *Held*, that she was entitled to taxes paid and value of improvements, less use. In adjusting equities connected with the subject matter of partition suits, statutory limitation does not apply.

ERROR from McLennan County. Tried below before Hon. L. W. GOODRICH.

*Williams & Evans*, for plaintiffs in error.—1. The land being the homestead of F. M. Makeig and Irene L. Makeig, the mother and father of Lucy Branch and Edith Makeig, and F. M. Makeig having died insolvent, the property vested in Lucy Branch and Edith Makeig, the only heirs, subject only to the homestead privilege in one-half, and a life estate in one-sixth in favor of defendant, and free from debts. Rev. Stats., art. 2002; Cameron v. Morris, 83 Texas, 15; Childers v. Henderson, 76 Texas, 665; Zwernemann v. Von Rosenberg, 76 Texas, 522.

2. The only claim that defendant Lida Makeig set up in her answer to show good faith in making improvements was a homestead right in one-half of the land, and a life estate in one-third of that half, and this claim was not such as would authorize her to recover for such improvements.

3. The deed to the property having been made to Irene Makeig, the first wife of F. M. Makeig, it was proper to show the statements of said F. M. Makeig at the time he was purchasing said property, that said property was being purchased as the separate property of said Irene Makeig, and was so intended by him, and his statement to S. L. Makeig constituted part of the transaction. Higgins v. Johnson, 20 Texas, 393; Smith v. Boquet, 27 Texas, 512; Smith v. Strahan, 25 Texas, 103; Hall v. Hall, 52 Texas, 299.

4. This being a suit between Lida Makeig, the second wife, and Lucy Branch and Edith Makeig, the children of F. M. Makeig, the testimony of said Lida Makeig in her own behalf was inadmissible as to transactions between her and F. M. Makeig, he being dead. Rev. Stats., art. 2248; Glover v. Thomas, 75 Texas, 507; Parks v. Caudle, 58 Texas, 519; Roberts v. Yarboro, 41 Texas, 449.

*Clark & Bolinger*, for defendants in error, controverted the propositions urged in behalf of plaintiffs in error, citing Bond v. Hill, 37 Texas, 626; Furrh v. Winston, 66 Texas, 521; Rice v. Rice, 21 Texas, 66; Lewis v. Johns, 24 Cal., 99; McDonna v. Wells, 1 N. C., 40; Chamberlin v. Boon, 74 Texas, 659; 5 Am. and Eng. Encyc. of Law, 367; 13 Id., 684, 687; 17 Id., 753, 1283.

KEY, ASSOCIATE JUSTICE.—Plaintiffs in error, Lucy Branch, joined by her husband, William Branch, and Edith Makeig, who sues by her next friend, William Branch, filed a suit in the District Court of McLennan County, Texas, to the October Term, 1892, in trespass to try title, against defendant Lida Makeig, for a tract of land lying in McLennan County, and being lots 4 and 5, in block 21 of Rennick's addition to the city of Waco, and sued said Lida Makeig for rents for said lands and improvements thereon from the 1st day of January, 1890, at the rate of $10 per month. The defendant Lida Makeig filed an answer, consisting of general demurrer and general denial, October 4, 1892. The intervenor, the Waco Building and Loan Association, filed its plea of intervention in said cause, May 22, 1893, claiming a lien on said property under a contract for improvements with F. M. Makeig, deceased, and asking for a foreclosure of same. The defendant Lida Makeig filed her first amended original answer June 5, 1893, setting up permanent improvements made on the land in controversy, and claiming also an indebtedness due her by Lucy Branch, Edith Makeig, and F. M. Makeig, and asking that such sums be adjudged a lien on the property in controversy, and also claiming the property as her homestead, as the surviving widow of F. M. Makeig. F. M. Makeig was the father of Lucy Branch and Edith Makeig by his former wife, Irene L. Makeig, and Lida Makeig was his second wife. Plaintiffs, on June 5, 1893, filed their first supplemental petition, and excepted to the intervention of the Waco Building Association, which exception was sustained, and said intervention dismissed. Plaintiffs in said supplemental petition pleaded different defenses to claims set up by Lida Makeig.

On a trial of said cause on the 5th day of June, 1893, the court decreed to the plaintiffs, Lucy Branch and Edith Makeig, an undivided one-half of said property, and charged the interest of Lucy Branch with $102.85, and that of Edith Makeig with $136.75, for money expended for them respectively by Lida Makeig, the defendant. Title to the other undivided one-half of said property was decreed to the plaintiffs, subject to the homestead right of defendant Lida Makeig, and to her life estate in one-third thereof; and said one-half was charged in her favor with $512.23 against said one-half as money advanced by her to F. M. Makeig during their marital relationship, and said property was ordered to be partitioned. The plaintiffs claimed the property by inheritance from their mother, Irene L. Makeig, as her separate property, and the defendant Lida Makeig claimed, that

it was the community property of F. M. Makeig and Irene L. Makeig. The court adjudged the property to be community. Plaintiffs excepted to the judgment of the court, filed their petition and bond for writ of error, and bring the cause up to this court by writ of error for revision.

*Opinion.*—1. The plaintiffs offered to prove by S. L. Makeig, a brother of F. M. Makeig, that, while F. M. Makeig was negotiating for the purchase of the property, and just prior to the consummation of the purchase, said F. M. Makeig told the witness that he was negotiating for the purchase thereof for his wife as her separate property. On objection, the court excluded this testimony, and this ruling is assigned as error. We think the testimony was admissible. The deed to the property was made to Irene L. Makeig, the first wife of F. M. Makeig, and any contemporaneous or subsequent declaration made by F. M. Makeig, tending to show that his purpose in having the deed made to his wife was to make the property her separate property, was admissible against said F. M. Makeig, or any one claiming under him. The declarations of F. M. Makeig which the plaintiffs offered to prove, though not made at the exact time that the deed was executed, were made pending the negotiation for the purchase, and are to be regarded as contemporaneous with it. They tended to rebut the presumption of community property, and to show the intention of the husband to make it the wife's separate property. Hall v. Hall, 52 Texas, 294, and cases there cited.

2. The defendant Mrs. Lida Makeig, the second wife of F. M. Makeig, deceased, testified in her own behalf, and among other things stated, that she paid out for the maintenance and support of said F. M. Makeig and his family, and for improvements and repairs on the property in controversy, different sums of money. She was not asked, nor did she state, on direct examination to whom these sums of money were paid; but on cross-examination she testified, that several of the sums referred to were paid or handed by her to her deceased husband, F. M. Makeig, in person, and not paid to other parties. The plaintiffs objected to the witness testifying on direct examination in reference to such matters, because same were transactions between the witness and her deceased husband. This objection was overruled, and after it had been developed by the cross-examination that such was the case, the objection was renewed and again overruled. This ruling was erroneous. By article 2248, Sayles' Civil Statutes, Mrs. Makeig was rendered incompetent to testify as to any transactions with or statement by her deceased husband; and the fact that her incompetency to testify, and the inadmissibility of the testimony, were not disclosed on the direct, but were developed by the cross-examination, ought not to affect the question. When it was developed that the testimony was inadmissible, the court ought to have sustained the objection to it.

3. There was also error in the court's ruling on the merits of the case. We know of no principle of law or equity, and defendant's

counsel have cited no authority, that sustains the proposition that, because the defendant is in possession of the property in controversy and may have an interest therein, she is entitled to have a lien established on the plaintiffs' interests to secure debts arising out of matters in nowise connected with the property in controversy, and barred by the statute of limitation. We therefore conclude, that it was not proper for the court below to fix a lien in the defendant's favor on the plaintiffs' interests in the property in controversy to secure her for sums of money advanced or paid out for the support, maintenance, or education of plaintiffs. In fact, as personal demands these claims were barred by limitation, and the court should have so ruled. And the same is true in reference to the defendant's claim and asserted lien for money advanced out of her separate funds for the support and maintenance of her deceased husband. These demands constituted nothing more than unsecured claims against her husband's estate. They were not secured by a contract lien on the property in controversy; and while the defendant could have forced an administration of F. M. Makeig's estate and had her claim established as a valid claim against said estate, entitled to participate pro rata with claims of the same class in whatever assets, if any, there may have been subject to the payment of his debts, still she would not in such a proceeding have been and is not now entitled to have her claim secured by a lien on the property in controversy. And in such a proceeding the statute of limitations would have applied; and no reason is perceived why it should not apply in this case, as against the item referred to.

4. As to the defendant's claim for money advanced to pay for necessary improvements and repairs and the taxes upon the property, the rule is different. Rice v. Rice, 21 Texas, 66; Bond v. Hill, 37 Texas, 626; Furrh v. Winston, 66 Texas, 521. It was necessary that the taxes should be paid to protect the property; and the plaintiffs get the benefit of whatever additional value the improvements have given to the property. However, in determining the equities arising out of improvements and repairs, the plaintiffs should not be charged with the price of the improvements and repairs, but only with their proportion of the amount, which, at the time of partition, they add to the value of the premises; and from this amount should be deducted whatever sum they may be entitled to for the defendant's use and occupation of the premises. Freem. on Coten. and Part., sec. 510. The statute of limitation does not apply to the defendant's claim for contribution on account of improvements and taxes paid by her. In adjusting equities connected with the subject matter of partition suits, statutory limitation does not apply.

On the questions of fact involved in the case, other evidence may be adduced; and, as the case will be reversed on other grounds, it is not necessary that we pass on these questions now.

The judgment will be reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

Delivered January 9, 1895.