GULF, C. & S. F. RY. CO. et al. v.
BRACKEN et al. (No. 6.)

(Court of Civil Appeals of Texas. Beaumont.
Oct. 14, 1915.)

APPEAL AND ERROR ☜1071—TRIAL ☜388—
HARMLESS ERROR — FILING OF FINDINGS
AND CONCLUSIONS.

The trial court's failure or refusal to file the statutory findings of fact and conclusions of law on seasonable request therefor by appellant, which deprives the appellant of a proper presentation of the case on appeal, is reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. ☜ 1071; Trial, Cent. Dig. §§ 908–911, 915, 940; Dec. Dig. ☜388.]

Error from Hardin County Court; W. W. Dies, Judge.

Suit by J. D. Bracken and others against the Gulf, Colorado & Santa Fé Railway Company and another. Judgment for plaintiffs against the Railway Company, and it brings error. Reversed, and remanded for new trial.

W. S. Parker, of Kountze, for plaintiff in error. Hightower, Orgain & Butler, of Beaumont, for defendants in error.

CONLEY, C. J. This suit was instituted in the county court of Hardin county, Tex., and was one in which J. D. Bracken and others brought suit to recover of the Houston, East & West Texas Railway Company,

and Gulf, Colorado & Santa Fé Railway Company the sum of $360 as damages to a carload of potatoes shipped from Honey Island, Hardin county, Tex., on the line of the Gulf, Colorado & Santa Fé Railway Company on October 3, 1913, to Houston, Tex., by way of Gulf, Colorado & Santa Fé Railway Company, and Houston, East & West Texas Railway Company lines; plaintiff alleging that said car contained 436 bushels of sweet potatoes, the property of plaintiffs, and that said potatoes were delivered to the railroad company in good condition, but that by reason of the failure of the railroad companies to handle the car promptly and failure to keep the car ventilated properly the car was delayed in reaching its destination and it became heated to such an extent that the entire shipment was totally ruined and unfit for sale. The reasonable market value of said shipment was alleged to be 70 cents per bushel.

Defendant the Houston, East & West Texas Railway Company answered, admitting the receipt of the potatoes, but denied the condition in which they were alleged to have been loaded, and for further answer pleaded that said car was handled, after it reached its line, in a reasonably expeditious manner and upon the first available train, and that as soon as said car reached its destination defendant notified the consignee, but the consignee refused to accept said potatoes, although at the time said potatoes were in a good state of preservation, or at least not totally destroyed, many of said potatoes being sound, and that said potatoes, had they been accepted by consignee, would have been handled in a profitable way, and that after said car was refused by consignee the defendant Houston, East & West Texas Railway Company advertised the contents of the car for sale in the manner provided by law, and sold the potatoes and applied the proceeds to the payment of freight and expenses of sale. The Gulf, Colorado & Santa Fé Railway Company answered by general denial.

On trial before the court, without the aid of a jury, there was a judgment rendered in favor of the plaintiff and against the defendant Houston, East & West Texas Railway Company for $305.06, and that the plaintiff take nothing against the Gulf, Colorado & Santa Fé Railway Company. The Houston, East & West Texas Railway Company perfected its appeal from said judgment against it, and relies upon one assignment of error; that is, that the trial court erred to the prejudice of plaintiff in error, Houston, East & West Texas Railway Company, in failing and refusing to file in writing, separately, its findings of fact and conclusions of law, as requested by the appellants. There is no statement of facts in the record.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The right to the findings of fact and conclusions of law is a statutory one, and a refusal by the trial court to file said findings of fact and conclusions of law, when a request is seasonably made to file the same by the plaintiff in error, and when such refusal or failure deprives the appellant of the proper presentation of the case on appeal, as is the situation in this instance, has so often been held reversible error, that we deem it sufficient to only refer to a few of the cases on that point." Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Werner Stave Co. v. Smith, 120 S. W. 247; Houston Oil Co. of Texas v. Ragley-McWilliams Lbr. Co., 162 S..W. 1183.

This judgment, therefore, as to the Houston, East & West Texas Railway Company, is reversed and remanded for a new trial.