KENNEDY v. KENNEDY et al.    (No. 6017.)

(Court of Civil Appeals of Texas. Austin.
Feb. 26, 1919.    Rehearing Denied
April 2, 1919.)

1. APPEAL AND ERROR &501(5), 547(2) — MATTERS REVIEWABLE—BILLS OF EXCEPTION.

Under Rev. St. 1911, arts. 2058, 2073, and Court Rules 53, 54, 55 (142 S. W. xxi), the appellate court will not review failure of trial court to file findings of fact and conclusions of law, unless such matter is raised by a bill of exception, or at least that it appears in the record, not merely that a request for findings and conclusions was made, but also that upon failure of trial court to comply with request, appellant excepted to such failure.

2. TRIAL &392(1) — FINDINGS — SUFFICIENCY—REQUESTS.

In an action involving title to property, where a husband claimed that he furnished the purchase price of land, and put it in the name of his wife to be held in trust for him, a finding that the land was the separate property of the wife at the time of her death was in effect a finding that the husband intended to make a gift to his wife, and was sufficient, in the absence of a request for more specific finding.

**3. APPEAL AND ERROR ☞219(2)—FINDINGS OF FACT—SUFFICIENCY—DEFINITENESS.**

Where a party is dissatisfied with findings or conclusions as made because not sufficiently full and definite, he cannot complain unless he has made request for more specific finding.

**4. TRIAL ☞395(5) — FINDINGS OF FACT — EVIDENCE.**

It is unnecessary for the court to state the evidence upon which it bases a finding of fact, nor the reasons therefor.

**5. TRUSTS ☞86—RESULTING TRUSTS—HUSBAND AND WIFE—PRESUMPTION.**

Where land is purchased by a husband with his separate funds and the deed is taken in the name of his wife, a prima facie presumption arises that he intends to make a gift to his wife, but such presumption may be overcome by competent proof that husband's intention was not to make a gift.

**6. TRUSTS ☞89(1) — RESULTING TRUST — EVIDENCE—HUSBAND AND WIFE.**

Where land is purchased by a husband with his separate funds and deed is taken in name of wife, court may disbelieve uncontradicted testimony of husband that he did not intend to make a gift of the land to his wife, and base its decision on the presumption that a gift was intended.

**7. APPEAL AND ERROR ☞994(3)—CREDIBILITY OF WITNESSES.**

On a trial without a jury, it is the exclusive province of the trial court to pass upon the credibility of the witnesses and the weight to be given their testimony.

Appeal from District Court, Williamson County; Ireland Graves, Judge.

Suit by John A. Kennedy against A. B. Kennedy and others. From an adverse judgment, the named defendant appeals. Affirmed.

Lawhon & McNair, of Taylor, Wilcox & Graves, of Georgetown, and Brooks, Hart & Woodward, of Austin, for appellant.

White, Cartledge & Wilcox and Dickens & Dickens, all of Austin, for appellees.

BRADY, J. Jno. A. Kennedy brought this suit against A. B. Kennedy, Lee T. Kennedy, and others, for an accounting and partition of certain property, real and personal, which was alleged to be the community property of appellant, A. B. Kennedy, and his deceased wife, Maggie M. Kennedy. This appeal involves only the title to a 252-acre tract of land, all other issues having been settled or eliminated by agreement of the parties below.

This particular tract was claimed by appellant as his separate property, because it was alleged he bought and paid for said land with his separate funds, and while the deed was taken in the name of his wife, Maggie M. Kennedy, it was for the purpose and intent of making it a homestead, and that the deed was taken for his own benefit, to be held in trust by his wife for him. Appellant claimed his homestead right and designated 200 acres out of said tract as a homestead, in the event the title to the land should not be awarded to him. He prayed for judgment, declaring the 252 acres to be his separate property, and in the alternative that it be adjudged to be community property.

Appellee, Lee T. Kennedy, claimed the 252-acre tract under a bequest in the will of his mother, Maggie M. Kennedy, which he alleged was at the time of her death her separate property, and that at the date of trial he owned the same by fee-simple title. He answered the pleadings of appellant, denying that the land was paid for out of the separate funds of appellant, but, if so paid for, that the conveyance was not made in trust for appellant, but as a gift to his mother, Maggie M. Kennedy. He further pleaded in the alternative that the property was the community property of A. B. Kennedy and Maggie M. Kennedy, and that in such event, under the will of his mother, he became the owner in fee simple of an undivided one-half of the land.

The case was tried before the court without a jury, and the court rendered judgment according to the agreement of the parties as to the personal property and all real estate, except the 252 acres, for which the court rendered judgment in favor of appellee, Lee T. Kennedy, subject to appellant's homestead right to 200 acres thereof. From this judgment A. B. Kennedy has appealed.

Appellant's first assignment of error complains at the trial court's failure to make and file his findings of fact and conclusions of law, as requested by appellant; and his propositions thereunder assert that such failure is reversible error, even though no bill of exception was taken, because it deprived appellant of a proper presentation of his appeal. The judgment recites that appellant in open court requested the court to prepare and file findings of fact and conclusions of law.

Appellees present counter propositions to the effect that this assignment cannot be considered, because no bill of exception is to be found in the record, complaining of the failure of the trial court to file conclusions, and, further, because the record contains a full statement of facts; and, it not appearing that appellant was probably prevented from properly presenting his case on appeal by reason of such failure, no reversible error is shown.

The further counter proposition is made that the undisputed evidence shows the 252-acre tract to have been devised to appellee Lee T. Kennedy, by the will of his mother,

Maggie M. Kennedy, it having been theretofore conveyed to her as grantee, the consideration being paid out of the separate funds of appellant, A. B. Kennedy; and that the law raised the presumption that appellant intended such conveyance as a gift to Maggie M. Kennedy; and that, the trial court having found that the 252 acres was the separate property of Maggie M. Kennedy at the date of her will, such finding necessarily included the finding that appellant's testimony that he did not intend such conveyance to operate as a gift was not true.

[1] We will first examine the question as to whether or not it was necessary for appellant to take a bill of exception to the failure of the trial court to file findings of fact and conclusions of law, as formally requested by appellant.

Appellant has cited in support of his proposition that a bill of exception was not necessary, the cases of Railway Co. v. Bracken, 180 S. W. 285, and Mackey v. Armstrong, 84 Tex. 159, 19 S. W. 463.

In the first case cited it does not affirmatively appear that the question was not presented by a bill of exception, and it does appear that there was no statement of facts in the record. The court did not discuss the question of the necessity for a bill of exception, and we think that it should not be assumed that there was no bill of exception raising the question. The substance of the holding in that case is that, there being no statement of facts in the record, the appellant was prevented from properly presenting its case on appeal under the state of the facts and the issues shown by the record, and constituted reversible error.

In the Mackey Case the question of the failure of the trial judge to file conclusions of fact and law did not seem to be involved.

Appellees rely upon articles 2058 and 2073, Revised Statutes, and several decisions, which will be hereafter cited.

Article 2058 provides as follows:

"Whenever, in the progress of a cause, either party is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the same is made or announced, and at his request time shall be given to embody such exception in a written bill."

Article 2073 provides that the parties to a suit shall be entitled to 30 days after adjournment of court in which to prepare and file a statement of facts and bills of exception, and to further time if granted by the trial judge.

The following authorities are cited by appellees in support of their claim that in virtue of these statutory provisions this court cannot consider the alleged error of the trial court in failing to file conclusions of fact and law, unless the error be presented by bill of exception. Cotulla v. Goggan & Bros., 77 Tex. 32, 13 S. W. 742; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885; Jacobs v. Nussbaum & Scharff, 63 Tex. Civ. App. 520, 133 S. W. 485; Haywood v. Scarborough, 102 S. W. 469; Insurance Co. v. O'Neal, 14 Tex. Civ. App. 516, 38 S. W. 62; Farmers' State Bank v. Farmer, 157 S. W. 285; Dunlap v. Broyles, 141 S. W. 289; Overton v. Colored Knights of Pythias, 173 S. W. 472.

These authorities seem to support the contention of appellees. Some of these cases were decided under the old statute, requiring both bills of exception and conclusions of fact and law to be filed before adjournment of the term; whereas, under the present statute, the judge may file his conclusions at any time within 10 days after adjournment, and the parties are given at least 30 days after adjournment in which to file bills of exception.

In the case of Jacobs v. Nussbaum, 63 Tex. Civ. App. 520, 133 S. W. 485, Chief Justice Pleasants, speaking for the Court of Civil Appeals for the First District, fully discussed the question under the present statutes, and concluded that a bill of exception to the failure of the trial court to file his conclusions is as necessary now as it was under the old law.

In the case of Overton v. Colored Knights of Pythias, 173 S. W. 472, this court held that where there was no bill of exception shown in the record, and where the record failed to disclose that the request for conclusions was called to the attention of the trial court, the matter must be regarded as waived.

We believe the authorities cited sustain the contention that the error claimed must be raised by bill of exception, or at least that it must appear in the record, not merely that the request for findings and conclusions was made, but also that, upon failure of the trial court to comply with the request, the appellant has objected or excepted to such failure. It is clear that this is a matter that may be waived, and the mere request for findings and the subsequent failure of the judge to comply therewith does not present an objection or exception to his omission or failure; and we are of the opinion that the record must disclose, either by formal bill of exception or otherwise, that the appellant has seasonably complained of the trial court's failure or refusal; otherwise the matter may be regarded as waived, or the request withdrawn.

We find nothing in this record to show that appellant has saved any character of exception or objection to the court's omission or refusal to file conclusions, except in his assignments of error, and for this reason we think the assignment should not be considered.

Furthermore, it would seem that under rule 55 for the district courts (142 S. W.

xxi), the matter must be presented by bill of exception. This rule provides that—

"Rulings of the court upon applications for continuance, change of venue, and other incidental motions, and upon the admission or rejection of evidence, and upon *other proceedings in the case not embraced in the two preceding rules*, when sought to be complained of as erroneous, must be presented in a bill of exception, signed by the judge and filed by the clerk, or otherwise made according to the statute, and they will thereby become a part of the record of the cause, and not otherwise." (Italics ours).

The proceedings referred to in the two preceding rules, Nos. 53 and 54, do not relate to such matters as the preparation and filing of findings and conclusions; and we therefore think that rule 55 is applicable, and requires a bill of exception in order to present such claimed error.

[2] But if we be mistaken in the views above expressed, we think there is another ground upon which it must be held that this assignment cannot be sustained. The trial court in the judgment made a number of findings of fact, including the finding that at the date of the death of Maggie M. Kennedy she owned in her own right, and as her separate property and estate, the 252-acre tract in controversy; that the appellee, Lee T. Kennedy, was the owner and entitled to said land, subject to the homestead right of appellant, A. B. Kennedy, and that the latter was entitled to the rents and revenues from such tract since the death of Maggie M. Kennedy. It may be conceded that the portion of this finding that Maggie M. Kennedy owned the land in her own right, and as her separate property and estate, was a mixed question of law and fact, but we do not think this would affect the question. The findings made by the trial court in the judgment, which were followed up by judgment in favor of Lee T. Kennedy for the 252-acre tract, although not filed separately as findings and conclusions, were such in substance, and we consider a substantial compliance with the statute requiring the preparation and filing of conclusions upon request. It may be the trial court considered that he had already made sufficient findings in the judgment, and for that reason failed to separately file conclusions, as requested by appellant; and we think it would have been a substantial compliance with the statute had he, as his findings and conclusions, adopted and referred to those included in the judgment, in the absence of a request for more specific findings.

[3, 4] It has been frequently held that where a party is dissatisfied with findings or conclusions as made, because not sufficiently full and definite, he cannot complain, unless he has made request for more specific findings. The request for conclusions was incorporated in the judgment, and this is the only place in the record where the demand is shown. In that very judgment, itself, is found the finding that the property in controversy was the separate property of Maggie M. Kennedy. It was unnecessary for the court to state the evidence upon which he based this finding, nor the reasons therefor; and, if appellant desired a more specific and definite finding, and especially an express finding as to whether the trial court discredited and rejected the testimony of A. B. Kennedy as to his intention in having the deed made to Mrs. Kennedy, he should have requested it.

Being of the opinion that the findings made by the court, as incorporated in the judgment, were in substance a compliance with the statute, in the absence of exceptions or objection, we think appellant cannot now complain because same were not sufficiently definite or complete; nor can he complain that the findings were not made separately and apart from the judgment. To hold otherwise would be to subordinate substance and give undue regard to mere form and literalism; and under the following authorities we believe it must be held that appellant is now precluded from claiming that the trial court did not find the facts sufficiently or definitely upon this issue. Tackaberry v. Natl. Bank, 85 Tex. 488, 22 S. W. 151, 299; Reed v. Brewer, 90 Tex. 144, 37 S. W. 418; Tex. Cent. R. Co. v. Fisher, 18 Tex. Civ. App. 78, 43 S. W. 584; Diffie v. Thompson, 90 S. W. 193; Caplen v. Cox, 42 Tex. Civ. App. 297, 92 S. W. 1048; Merriman v. Blalack, 57 Tex. Civ. App. 270, 122 S. W. 403; Capps v. City of Longview, 122 S. W. 427; Gainesville Water Co. v. City of Gainesville, 57 Tex. Civ. App. 257, 122 S. W. 959; Hatton v. Bodan Lbr. Co., 57 Tex. Civ. App. 478, 123 S. W. 164; Connor v. Blaisdell Co., 60 S. W. 890; Gladys City Oil Co. v. Right of Way Oil Co., 137 S. W. 171; Jones v. Jones, 146 S. W. 265.

Appellees also assert the proposition that where the record upon appeal contains a full statement of facts, the case should not be reversed for the failure of the trial court to file conclusions of law and fact; and cite authorities which seem to support the proposition.

We are not prepared, however, to apply this rule in this case. We are by no means certain that it does not appear that appellant was probably prevented from properly presenting his case on appeal by reason of the failure of the trial court to file conclusions of fact and law; and, had appellant saved an exception to such failure by a proper bill, or if the record showed that he seasonably objected to such failure, and if he had requested more specific findings, it may be that this case would have to be reversed. At all events, we are unwilling to place our decision upon the mere ground that the record contains a full statement of facts,

and that it does not appear that appellant was probably prevented from properly presenting his case on appeal by reason of the court's failure to file his conclusions.

For the reasons above indicated, the first assignment of error is overruled.

There is no second assignment of error in appellant's brief, but the third, fourth, and fifth assignments subtantially present the propositions that the court erred in rendering judgment for Lee T. Kennedy and against appellant for the 252-acre tract of land, because the uncontradicted evidence shows that, while Maggie M. Kennedy was named as grantee in the deed, it further appears that the land was paid for by appellant out of his separate means, and that there was no intention on his part to make a gift to his wife, and under the facts the land became the separate property of appellant; and, if not his separate property, it became community property.

[5] It is conceded by appellant that where land is purchased by the husband with his separate funds, and the deed to the land is taken in the name of the wife, a prima facie presumption arises that he intended to make a gift of the land to his wife, and that because of such presumption the land would be held to be the separate property of the wife in the absence of evidence showing that such was not the intention of the husband. But it is claimed by appellant, and it may be conceded, that in such case the presumption may be overcome by competent proof, and where it is shown that the husband's intention was not to make a gift to the wife, the property will be held to be his separate property.

In both briefs the following authorities are cited in support of these propositions: Parker v. Chance, 11 Tex. 518; Houston v. Curl, 8 Tex. 242, 58 Am. Dec. 110; Smith v. Strahan, 16 Tex. 315, 67 Am. Dec. 622; s. c., 25 Tex. 103; Higgins v. Johnson's Heirs, 20 Tex. 389, 70 Am. Dec. 394; Branch v. Makeig, 9 Tex. Civ. App. 399, 28 S. W. 1050; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825.

[6, 7] Upon the trial, the appellant, A. B. Kennedy, testified that the land was paid for out of his separate funds, and there was no evidence to the contrary. There were circumstances strongly tending to support his testimony. Appellant, also, with equal positiveness, testified that he did not intend that the property should be a gift to his wife. It must be conceded that had the trial court accepted his testimony as establishing that there was no intention to make a gift, the land must have been held to have been the separate property of appellant. There are a few circumstances in the record tending to contradict his testimony on this point; but, in our view of the matter, it may be assumed that the testimony of appellant was uncontradicted, and yet it does not follow that the trial court was required to give such weight or credit to the testimony of appel-lant as would overcome the presumption that it was the separate property of Mrs. Kennedy. Both counsel for appellant and for appellees agree that there is but one reasonable explanation for the judgment of the trial court, and that is that he found the fact to be against appellant with reference to his intention; and appellant asserts that the "only theory that can sustain the judgment is that the trial court arbitrarily found part of his testimony to be true (as to source of purchase money), and without cause disregarded his equally credible testimony (as to intention)."

It was the exclusive province of the trial court to pass upon the credibility of the witnesses and the weight to be given their testimony; and, if the trial court chose to accept his testimony as to the source of payment for the land, but disregarded it on the question of intention, it was his privilege. The record discloses that there were circumstances in evidence tending strongly to support his testimony that his means paid for the land, and nothing to show the contrary. Upon the question of intention, the only positive testimony was that of appellant to the effect that he did not intend to make a gift to his wife; but we think there were circumstances proven on the trial tending to contradict this evidence. Even if appellant's testimony stood unchallenged, the trial court had the right to reject it, if he did not believe the same. If he so concluded, based upon the interest of the witness, or upon the fact that his wife was dead at the time of the trial and could not contradict his testimony, or from his manner of testifying, or upon any other proper consideration, this was within the sound discretion committed to him, and his decision is not to be disturbed without cause.

Our Supreme Court, in the case of Railway v. Runnells, 92 Tex. 307, 47 S. W. 972, states the law as follows:

"It is the province of the jury to pass upon the credibility of the witnesses, and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited toward the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable."

In the case of Jones v. Jones, 146 S. W. 265, it is held that it is the privilege of the trial judge to disregard the uncontradicted evidence of a witness who is the only witness to the transaction, and that if a finding to such effect should be made, it would be binding upon the appellate court; and authorities are cited in support thereof.

Believing that the trial court, in his sound discretion, had the right to conclude, if he did so, that the presumption in favor of a gift to Mrs. Kennedy had not been overcome by other testimony, we cannot say that the

judgment was erroneous for this reason, even though the positive testimony of appellant was not contradicted by the direct testimony of any other witness. It follows that the third, fourth, and fifth assignments of error must be overruled.

The above are all the questions presented by the record, and, being of the opinion that no reversible error has been shown, the case is affirmed.

Affirmed.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes