Finding no error in the record, the judgment is affirmed.

## TAPP v. TAPP.

### No. 5455.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 12, 1939.

On Rehearing Nov. 16, 1939.

On Second Motion for Rehearing Dec. 7, 1939.

684

McCombs & Andress, of Dallas, for plaintiff in error.

T. J. Ramey and Vern D. Adamson, both of Sulphur Springs, and Wm. J. Fanning, of Austin, for defendant in error.

WILLIAMS, Justice.

H. W. Tapp, plaintiff below, filed this suit against Mrs. Blanche Tapp for partition and adjustment of equities arising out of their ownership as tenants in common and his management and care of a house and lot situated in Sulphur Springs, Texas.

Plaintiff, his brother, J. M. Tapp, and two sisters inherited the property from their mother, Mrs. Ida Tapp, who died intestate October 20, 1927. No administration was had upon her estate. J. M. Tapp died January 5, 1928, bequeathing his interest to his wife, Blanche. He had no children. In August 1936, this will was admitted to probate as a muniment of title only. H. W. Tapp purchased the interest of his sisters after the death of his brother and prior to this suit. He therefore became the owner of either a ¾ or a ⅞ interest, and Mrs. Blanche Tapp became the owner of the remainder, depending upon the validity and effect to be given certain probate proceedings had in Dallas County, later herein discussed.

Upon the death of Mrs. Ida Tapp plaintiff assumed control of the property. From the time of her death until he filed his first amended original petition on September 25, 1937, a period of approximately ten years, plaintiff managed the property, if not with the consent of defendant, at least with her tacit approval. During this period of time plaintiff collected rentals and expended various sums for taxes, insurance, repairs, improvements, and other items. Defendant never occupied the property or made a demand for its use or for an accounting.

The record does not reflect that she ever visited the property after her husband's death. She resided in Dallas. The first count in plaintiff's amended petition might indicate an adverse possession, but the evidence clearly shows that he recognized defendant owned an interest in this property.

In the alternative, under Count 2, plaintiff alleged that he was the owner of a ⅞ undivided interest and defendant the owner of the remainder. He further pleaded in detail the various sums received and expended by him, and sought to charge defendant with ⅛ of the total sum expended, less ⅛ of the rentals received. As reflected in the judgment, the court found plaintiff had collected $2,242 in rentals and had expended for improvements and repairs $1,093.31; last illness and burial expenses of Mrs. Ida Tapp, $1,034.10; for the discharge and payment of a mechanic's lien on the property $140.57; and for taxes and insurance $1,245.05. The court decreed to H. W. Tapp a ¾ undivided interest and to Mrs. Blanche Tapp a ¼ with a lien charged against her interest in favor of plaintiff in the sum of $317.75, which was the difference, as calculated, between ¼ the expenditures and ¼ the rentals received. A receiver was appointed and the property ordered sold.

After the death of Mrs. Ida Tapp the house was overhauled so as to convert it into a duplex apartment. For use as a duplex an additional complete bathroom with equipment was installed, including necessary gas, water and electric lines. From time to time over the period of ten years repairs and other improvements were made. Plaintiff in his pleadings accounted for all the rentals actually received by him from the duplex. He alleged that he had expended the total sum of $1,093.91 to keep the property in repair and in rentable condition so as to produce an income, itemizing each expenditure.

Relying upon the established rule in Texas as held in O'Neil v. O'Neil, Tex. Civ.App., 77 S.W.2d 554; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; and Davis v. Davis, Tex.Civ.App., 108 S.W.2d 681, defendant contends that "Regardless of the amount of advances which is traced into the improvements of the specific property, the amount to be allowed upon partition is still limited to the amount of enhancement in value of the improved property due to the advances, which still exist at the time

of the petition." It is a fact, as contended by defendant, that no attempt was made under the above rule to show in what amount the property had been enhanced in value. Likewise there was no showing made in what amount these alleged expenditures for betterment of the property had increased the rental income. It is obvious that the improvements made the property rentable as a duplex for which plaintiff collected additional or increased rentals. Thus both benefited from the betterments made on the common property. This record reflects these betterments and repairs were reasonable and made in good faith. The court in his calculations allowed plaintiff recovery for the full amount expended for repairs and improvements. And likewise the defendant was credited for the full amount of the rentals which included the increased rentals by reason of the improvements. Under such facts to limit plaintiff's credit for betterments made by him to the amount that same enhanced the value of the property at the time of partition, which might be at a time years later when a material part of such betterments may have deteriorated, and then to charge to this improving tenant the full rentals, including those resulting from such expenditures, would not be just or equitable. If defendant is to share in the increased rentals, then she should be charged with her pro rata part of the cost of the repairs and improvements, for one who seeks equity must do equity. This action of the court is sustained. Ventre v. Tiscornia, 23 Cal.App. 598, 138 P. 954; Pickering v. Pickering, 63 N.H. 468, 3 A. 744; Fenton v. Wendell, 116 Mich. 45, 74 N.W. 384, 72 Am.St.Rep. 502; Byrne v. Byrne, 289 Mo. 109, 233 S.W. 461; 47 C.J. p. 477.

■ In the accounting defendant was denied a recovery for the reasonable rental value of one of the apartments which plaintiff permitted his adult married son to occupy for more than two years. Plaintiff made no demand for rents or exerted any effort to obtain possession from his son. Plaintiff sought and was awarded the full amount of his expenditures, a part of which was used to convert the residence into two apartments. Accordingly, under such a situation, equity would require him to account for the reasonable rental value of the apartment so used by his son. As stated in Storey's Equity, 14th Ed., § 481: "No man has right to prefer the claims of affection to those of justice."

■■ Plaintiff sought and was allowed by the court a recovery for the amount of his alleged expenditures in the payment and discharge of the mechanic's lien against the property, and for expenses of last illness and burial of Mrs. Ida Tapp. These payments were made more than nine years prior to this suit. Defendant insists that as they were never presented and allowed as a claim in administration against the estate, the two and four year statutes of limitation now bar plaintiff from the recovery of such expenditures. Such limitation statutes are not applicable under the facts as we have here in this suit for partition and adjustment of equities between tenants in common. As stated in 11 T.J. 482, "The relation of cotenancy is a voluntary one in the sense that its continuance is dependent at all times upon the assent of all the cotenants, so that like an ordinary copartnership, it continues at the will of its members. So long as their will exists there is no cause of action and the statute never starts." Branch v. Makieg, 9 Tex.Civ. App. 399, 28 S.W. 1050. However, a recovery for such expenditures as a charge against the common property is predicated upon pleading and proof that a valid subsisting lien or charge in the amount of such indebtedness against the common property existed at the time of its payment by a tenant in common.

■ If plaintiff's claim of $1,034.10 for last illness and burial expenses of Mrs. Ida Tapp would have constituted a valid preference claim or a charge against this, the sole property belonging to the decedent's estate, it is thought that such a claim, subject to the same defenses, classification and limitations applicable in a probate proceeding, could be considered and allowed in the adjustment of equities in this partition suit. Plaintiff, who was engaged in the furniture and undertaking business, on cross-examination, testified that his mother had been a copartner with him and owned a working share in the business until her death, when he became the sole owner. When asked what kind of share he answered: "That I would take care of her as long as she lived, pay all bills and take care of her until she died." Under this admission, in no wise controverted or otherwise explained, this consideration so described would present a defense in probate as well as here to this claim, at least to the amount of such expenses incurred by plaintiff prior to his mother's death.

■ Defendant introduced in evidence a certified copy of the will of J. M. Tapp which bequeathed to her his ¼ interest in the property, and a certified copy of the order which admitted this will to probate as a muniment of title by the county court of Dallas County as recorded in the probate minutes of said court. This order states "that this court has jurisdiction to probate and record said instrument in writing as being the last will and testament of James M. Tapp as a muniment of title." Other recitals not necessary to set out show all legal steps necessary to admit such will to probate and record had been complied with. This order admitting the will to probate is signed "C. A. Matthaei, Special Judge of County Court of Dallas County, Texas," but does not show how he became special judge. Defendant did not attempt to show such qualification by any records out of the county court. Plaintiff, under cross-assignment of error for the first time on this appeal, contends that the order admitting this will to probate as a muniment of title was coram non judice and a nullity because an affirmative showing was not made that such special judge had been legally selected or appointed to act as such. Plaintiff did not attempt to show by any record that this acting judge was disqualified. Plaintiff is here making a collateral attack upon the order admitting the will to probate. In Weems v. Masterson, 80 Tex. 45, 15 S.W. 590, 591, determinative of this contention, it is said: "* * * That county courts, in all matters relating to the administration of estates of deceased persons and minors, under the constitution of 1845, as under the present constitution, were courts of general jurisdiction as to all matters within the scope of the powers conferred upon them, must be deemed the settled law of this state. * * * From this it follows that all presumptions will be indulged in favor of the jurisdiction of such courts, when exercised over a subject-matter confided to them by law, that will be in favor of the jurisdiction of any other court of general jurisdiction, and that their judgments and decrees cannot be collaterally attacked unless the record shows the want of jurisdiction. In the absence of such a showing it must be presumed that the jurisdiction exercised in a given case was the exercise of lawful power."

See, also, Sloan v. Woods, Tex.Com. App., 25 S.W.2d 309; Dallas Joint Stock Land Bank of Dallas v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046, 112 S.W.2d 173. Justice Leslie of the East-Land Court of Civil Appeals in Compere v. Girand, 42 S.W.2d 278, in a very able and exhaustive opinion reiterates the above rule and reviews many decisions bearing upon the propositions here raised.

■ Plaintiff was entitled to recover as awarded by the court the amount he expended in discharge of the taxes due against this common property which accrued for 1927 and all subsequent years. He likewise is entitled to recover for his expenditures for insurance premiums in the protection of this property, provided the evidence shows such insurance also protected the interest of defendant. Plaintiff is entitled to the $140.57 item in the discharge of the mechanic's lien against the common property if not barred by the four year statute of limitation at the time plaintiff paid same.

The objection to the admissibility of certain evidence given by plaintiff in regard to the expenditures made by him is not likely to occur on another trial.

All other assignments and cross-assignments have been considered and are overruled.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Defendant in Error, H. W. Tapp, in his motion for rehearing has filed and tendered a remittitur of $246.40 to cover the items in evidence upon which this cause was reversed and remanded. The amount is definitely ascertainable from the evidence. Accordingly the former judgment reversing and remanding the cause is set aside and the judgment of the trial court, less the sum of $246.40, remitted, is affirmed. Article 1861, R.C.S. of 1925.

### On Second Motion for Rehearing.

■ Upon reconsideration we have concluded that we were in error in affirming the judgment of the trial court less a remittitur. Litigants do not agree upon the amount of remittitur which was tendered conditionally. Accordingly, the former order of affirmance is set aside and vacated, and the judgment reversing and remanding this cause to the trial court is reinstated and the same is reversed and remanded.