[Civ. No. 1281. First Appellate District.—December 30, 1913.]

STEFANO VENTRE, Respondent, v. ANTONIO TISCORNIA et al., Defendants, ANTONIO TISCORNIA, Defendant and Appellant.

PARTITION—IMPROVEMENTS IN LEVELING AND BULKHEADING LAND—FINDINGS CONTRARY TO EVIDENCE.—In this action for partition of a tract of land wherein the defendant, by way of cross-complaint, sought judgment against the plaintiff for money expended in improving and preserving the common property by leveling and bulkheading it, the findings fixing the cost of such improvements and refusing to allow the defendant anything therefor, are contrary to the evidence, which is not conflicting either as to the necessity for the improvements or their cost.

ID.—IMPROVEMENTS WITHOUT CONSENT OF COTENANT—LIABILITY TO CONTRIBUTION.—If in such case the improvements were necessary and the plaintiff shared in the benefits thereof, he is chargeable with his proportion of their cost, though they were made without his consent, express or implied.

ID.—EQUITABLE CONSIDERATIONS IN ACTION FOR PARTITION—ALLOWANCE FOR IMPROVEMENTS.—A cotenant, seeking partition of the common property at the hands of a court of equity, will be granted relief only upon the condition that the equitable rights of his coowner will be respected and protected. Therefore where one tenant in common has, in good faith, with or without the consent of his cotenant, expended money in making permanent improvements which were necessary to the preservation of the common property, partition should not be decreed without first counting the cost of such improvements and making a suitable allowance for them.

ID.—NECESSITY OF IMPROVEMENTS—SHARING IN BENEFITS—ELECTION BY COTENANT.—If, as appears to be true, the evidence in the present case shows without conflict that the improvements to the common property were necessary to its preservation and enhanced its rental value, then the plaintiff should have been put to his election either to contribute equally to the undisputed cost of the improvements, or else relinquish all claim to a share of the increased rentals resulting therefrom.

ID.—RELATION OF LANDLORD AND TENANT—TENANT AT WILL.—The finding of the lower court in this case, relating to the necessity and cost of the improvements in question, cannot be justified upon the theory that the improvements were made by the defendant in the character of an ordinary tenant at will of the plaintiff. The case was not tried, either in whole or in part, upon the theory that the relation of landlord and tenant existed between the parties to the partition; but was heard and determined solely upon the issue of the relative rights of the parties as tenants in common.

APPEALS from an interlocutory decree in partition of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

LENNON, P. J.—These are appeals from an interlocutory decree and from an order denying a new trial in an action for the partition of real property, in which the plaintiff and the defendant Tiscornia as tenants in common claim an undivided interest.

The defendant Tiscornia answered, and joined in the plaintiff's prayer that the property be partitioned in accordance with their respective interests, but by way of cross-complaint claimed that he had expended certain sums of money in the preservation and improvement of the common property, for which sums he sought judgment against the plaintiff as an incident of the partition.

The plaintiff answered, and denied the allegations of the cross-complaint concerning the claim for moneys expended in the preservation and improvement of the property; and

in that behalf, after pleading the statute of limitations against such claim, alleged that whatever moneys said defendant had expended in or about the land sought to be partitioned were expended by him for his individual use and benefit and not for the common benefit of plaintiff and said defendant.

The undisputed facts of the case as disclosed by the evidence are these: The land in controversy, consisting of some twelve or thirteen acres, was originally purchased by the plaintiff and defendant Tiscornia as tenants in common, and occupied by them as copartners in the business of raising vegetables for the market. Upon the dissolution of the partnership and for several years thereafter Tiscornia used and occupied the entire premises, maintaining thereon a truck garden, for which use and occupation he paid to the plaintiff the sum of twenty-five dollars per month. Finally the plaintiff and Tiscornia joined in a ten years' lease to the defendant Lou Hoy of several acres of the common property for the total rental of seven thousand two hundred dollars, payable at the rate of sixty dollars per month. Tiscornia, during the time he was in the exclusive use and occupation of the common property, made certain permanent improvements thereon, which consisted in part of leveling the acreage leased to the defendant Lou Hoy, and erecting and maintaining a fence in the nature of a bulkhead some two thousand feet in length for the purpose of preventing the storm waters of severe winters from washing away and thereby rendering valueless a considerable portion of the property. The leased land prior to the leveling was unimproved and yielded no profit in rent or otherwise. The plaintiff contributed nothing toward the expense of this improvement and preservation of the common property, but afterward claimed and received one-half of the increased income. It was an admitted fact in the case that Tiscornia, for the use and occupation of that portion of the common property remaining in his exclusive possession after the execution of the lease to the defendant Lou Hoy, was indebted to the plaintiff in the sum of one hundred and fifty dollars, and that at the time of the commencement of the action there was due and unpaid to the plaintiff, as his share of the rent reserved

under the lease, the sum of three hundred dollars which had been collected and retained by Tiscornia.

The foregoing facts being undisputed or admitted, and the title and interests of the respective parties, together with the necessity for partition, being conceded, the only controversy which developed upon the trial related solely to the question as to whether or not the improvements and preservation of the property as made by Tiscornia were for the common benefit, and worth the sum claimed to have been expended by him for that purpose.

The trial court, upon the issue relating to the improvement and preservation of the property, found that Tiscornia had expended one hundred dollars in leveling the leased portion of the land, but found against him in so far as the construction and cost of the fence or bulkhead were concerned; and after deducting one-half of the cost of leveling from the sum admittedly due to plaintiff, judgment was entered in his favor for the sum of four hundred dollars.

Upon this phase of the case we think the findings are clearly contrary to the evidence. It will be remembered, as previously pointed out, that it was not disputed that Tiscornia had leveled the leased portion of the land and erected the bulkhead. His testimony as to the necessity for and the approximate cost of these improvements is substantially as follows: Within ten years preceding the commencement of the action he had leveled from time to time four or five acres of the partitioned property. Such leveling was necessary to prevent small streams of flood waters, having their sources in a creek which ran through the property, from carrying away the soil. Without leveling, this particular piece of prop' ty was not rentable, but as a consequence of the leveling it was leased to the defendant Lou Hoy for a term of ten years at the monthly rental of sixty dollars, thereby and to that extent increasing the rental value of the entire tract. The leveling occupied about three months' time in all, and cost approximately five hundred dollars. A year or two after the dissolution of the copartnership the construction of the bulkhead was commenced, and was continued piecemeal from time to time until completed. It was three or four feet high, two thousand feet in length, and cost approximately one thousand dollars. In its construction some five hundred dollars'

worth of material was used, and the services of from seven to nine men, laborers and carpenters, were needed and employed at odd times, some of whom were paid four and one-half dollars per day and found, and others at the rate of from thirty dollars to fifty dollars per month. The bulkhead was necessary to protect the greater part of the entire tract from being inundated and partially washed away by the storm waters from wet winters.

Plaintiff contends that the findings fixing the cost of leveling the leased land and refusing to allow anything for the construction of the bulkhead, are justified and should be sustained because of a claimed conflict in the evidence, and the asserted inherent improbability of Tiscornia's testimony.

We fail to find, after a careful scrutiny of the record, a substantial or any conflict in the evidence either as to the necessity for the improvements mentioned or their cost; and we are not convinced that the testimony of Tiscornia, standing as it does uncontradicted and unimpeached, was rightly ignored by the lower court in making up its findings.

The plaintiff was a witness in his own behalf, and his defense to the claim for contribution to the expenses of improving and preserving the common property was practically rested upon his testimony alone. As a witness he did not deny that, in order to successfully cultivate the leased land, it was necessary to divert several small streams which overflowed from the creek; nor did he deny that the leveling done by Tiscornia accomplished this result. Neither did he deny that such leveling was the proximate cause of the lease to the defendant Lou Hoy, and also of a material enhancing of the rental value of the entire property. True the plaintiff did testify that ''the leveling was done to plant vegetables,'' and that ''it was not necessary to prepare the land to do any leveling.'' This, however, was not in contradiction of anything testified to by Tiscornia. The latter did not claim that the leased land needed preparation by leveling or otherwise to make it productive. His testimony rather was to the effect that without leveling the overflow from the creek would render the cultivation of vegetables unprofitable if not impracticable; and therefore it may be fairly said that he and the plaintiff were in substantial accord as to the reason and necessity for leveling. The claim of Tiscornia that a fence

or bulkhead was necessary to preserve the property from the ravages of storm waters was not even attempted to be disputed, but, to the contrary, was in a measure corroborated rather than contradicted by the evidence of the plaintiff, who testified that the bulkhead in controversy was the continuation of a fence which had been erected by both parties previous to the dissolution of the copartnership for the purpose of protecting the vegetables from the wash of the waters of the creek, which at times arose to the height of the fence.

It will thus be seen that there is no conflict in the evidence relating to the question of the necessity for the improvement and preservation of the common property by leveling and bulkheading.

With reference to the cost of these improvements the plaintiff merely testified: "If I had five men I could do the leveling in a week, and if seven or eight men worked continuously it would take less than a week to build the fence."

This testimony constitutes the sole basis for the claimed conflict in the evidence concerning the cost of improving and preserving the property; but we are at a loss to perceive how such testimony can be fairly said to controvert Tiscornia's testimony that he had expended five hundred dollars in leveling the land, and one thousand dollars in the construction of the bulkhead. The plaintiff did not deny that these sums were so expended, nor did he otherwise attempt to show the contrary. He merely ventured the assertion that he could have completed the leveling and constructed the bulkhead in considerably less time than did Tiscornia. Plaintiff did not say, however, by what method the work could be done in so short a time; nor did he pretend to know what the cost would be for the labor in one instance, and for labor and material in the other. Surely such testimony cannot be deemed to be satisfactory evidence, which alone will justify a decision. (Code Civ. Proc., sec. 1835.) It did not disprove or tend to disprove the testimony of Tiscornia that from time to time the sums mentioned were necessarily expended by him in the manner and for the purpose stated. Such facts were all of an open and notorious character which could have been readily disproved if false; and the failure of the plaintiff to produce any evidence to the contrary must be taken as

confirmatory of Tiscornia's testimony. (*Cavanaugh* v. *Wholey*, 143 Cal. 164, [76 Pac. 979].)

In short, the claimed conflict in the evidence on this phase of the case rests solely upon a mere general assertion of the plaintiff which does not, either expressly or impliedly, purport to meet and overcome the detailed and positive declarations of Tiscornia. Such a situation does not create a material conflict of evidence, within the meaning of the settled rule, which will support a finding claimed to be based thereon. (*Field* v. *Shorb*, 99 Cal. 661, [34 Pac. 504]; *Savings & L. Soc.* v. *Burnett*, 106 Cal. 514, [39 Pac. 922].)

From the view which we have taken of the evidence upon the whole case it follows that the findings of the lower court upon the issue immediately under discussion cannot be sustained unless it can be said as a matter of law that the plaintiff cannot be charged with and compelled to contribute ratably to the cost of improvements which, notwithstanding his participation in the resulting benefits and profits, he contends were neither necessary nor made with his consent.

This particular phase of the case has been elaborately briefed by the respective counsel for the parties to the appeal; but we do not deem it necessary to follow in this opinion every turn and angle of the argument. It will suffice to state that our conclusions and the reasons therefor are deduced from a consideration of the numerous authorities pro and con which have been cited to us.

The necessity for the improvements, as has already been shown, was established by the uncontradicted testimony of Tiscornia. The plaintiff admittedly shared in the increased rentals resulting therefrom, and therefore, we think, was chargeable with his share of the cost of the improvements, even though it be assumed that the evidence shows they were made without his consent, express or implied. While at common law a tenant in common could not claim contribution in an action at law for necessary improvements made upon the common property without the consent of a cotenant, nevertheless, inasmuch as an action for partition was essentially equitable in its nature, a court of equity was required to take improvements into account when decreeing partition, and to award to the cotenant in possession who had necessarily and in good faith improved the common property and enhanced

its value at his own cost, such equitable compensation as would leave only the value of the estate without the improvements to be divided among the tenants in common. This relief was granted in actions in partition in keeping with the familiar principle of equity jurisprudence which requires that one who seeks equity must do equity. The rule in this behalf has been adopted and applied with but rare exceptions in every jurisdiction where the action for partition is considered as one calling for equitable interposition and relief. Therefore it may be safely said that the rule of to-day, generally accepted and settled by a host of harmonious authorities, is that a cotenant, seeking partition of the common property at the hands of a court of equity, will be granted relief only upon the condition that the equitable rights of his cotenant will be respected and protected. Accordingly it has been uniformly held that where it is shown that one cotenant in common has, in good faith, with or without the consent of his cotenant, expended money in making permanent improvements which were necessary to the preservation of the common property, partition should not be decreed without first counting the cost of such improvements and making a suitable allowance for the same.

There are no reported decisions of the court of last resort in this state which assert a contrary rule; and there is practically no conflict of authority in other jurisdictions upon the proposition. The equitable rule and the reason for it, as declared here, are stated in one form or another in the numerous authorities dealing, generally and specifically, with the subject, which have been collected and reviewed in note C to the case of *Ward* v. *Ward,* 29 L. R. A., 452.

The cases relied upon to support the contention of the plaintiff are in some instances clearly contrary to the pronounced weight of authority; and in other instances are readily distinguishable from the case at bar in that they were actions at law in *assumpsit* by a cotenant for the cost of improvements; or, when the action was in partition it was shown that the improvements were not necessary and permanent; or were cases in which the cotenant did not share in the benefits resulting from the improvements. This being so, the cases referred to cannot be considered as having any application to the facts of the present case.

If, as we think, the evidence in the present case shows without conflict that the improvements to the common property were necessary to its preservation and enhanced its rental value, then the plaintiff should have been put to his election either to contribute equally to the undisputed cost of the improvements, or else relinquish all claim to a share of the increased rentals resulting therefrom. (*Rathbun* v. *Colton,* 15 Pick. (Mass.) 471.)

The finding of the lower court relating to the necessity and cost of the improvements in question cannot be justified upon the theory that such improvements were made by Tiscornia in the character of an ordinary tenant at will of the plaintiff. Undoubtedly tenants in common are privileged to create by contract, express or implied, the relation of landlord and tenant between themselves (Jones on Landlord and Tenant, sec. 28); and it is true that if, in addition to being tenants in common, the relation of the parties to partition is in fact that of landlord and tenant, no improvement of all or any part of the common property made by the cotenant in possession in the character of an ordinary tenant, and solely for the purpose of enabling him to promote an individual enterprise which he is conducting upon the premises, can, in the absence of a covenant covering the construction and cost of such improvements, constitute the basis of an enforceable claim for contribution upon partition. (*Cosgriff* v. *Foss,* 152 N. Y. 104, [57 Am. St. Rep. 500, 36 L. R. A. 753, 46 N. E. 307].) No such situation, however, confronts us in the case at bar. No issue concerning the existence of the relation of landlord and tenant was raised by the pleadings nor found upon by the lower court. The case was not tried, either in whole or in part, upon the theory that the relation of landlord and tenant existed between the parties to the partition; but was heard and determined solely upon the issue of the relative rights of the parties as tenants in common. That this is so is manifested by the findings and judgment allowing Tiscornia one hundred dollars for leveling a portion of the common property. Clearly the finding in this particular, when read and construed in conjunction with the pleadings and the evidence, was based solely upon the theory that Tiscornia, as the cotenant in possession, had made a necessary improvement of the common property which enured to the

joint benefit of both parties as tenants in common. It is equally clear from a consideration of the pleadings and proof that the superior court found against Tiscornia upon the issue relating to the bulkheading of the common property, not because it was done by Tiscornia as an ordinary tenant from month to month for his individual use and benefit, but solely upon the theory that such improvement was not necessary to the preservation of the common property and was made without the consent of the plaintiff.

The evidence, however, as has been previously pointed out, shows, we think, without conflict that such improvements were not only necessary to the preservation of the common property, but enhanced its rental value, and that the resulting profits were shared equally with the plaintiff. To permit the plaintiff to participate in the benefits which must have resulted from improvements necessary to the preservation of the entire property, and at the same time share equally in the increased rentals which followed the making of a part of the improvements, would manifestly be inequitable unless provision be also made upon partition for suitable compensation to Tiscornia for the cost of such improvements.

It follows that the decree appealed from must be reversed in so far as it concerns the issue relating to the improvements to the common property, and the cause remanded for a retrial upon that issue alone, to the end that the defendant Tiscornia's claim against the plaintiff for contribution may, in keeping with the evidence, be equitably adjudicated. Accordingly it is ordered that the judgment and order appealed from be reversed.

Kerrigan, J., and Richards, J., concurred.