[Civ. No. 17349.   Second Dist., Div. Two.   Apr. 24, 1950.]

THOMAS D. MERCOLA et al., Plaintiffs and Respondents, v. FRANK E. CHESTER, Appellant; RODEO BUILDING COMPANY, INC., Defendant and Respondent.

Nathan M. Dicker, Samuel Greenfield and Daniel A. Weber for Appellant.

Loeb & Loeb and Herman F. Selvin for Respondents.

WILSON, J.—Action for partition of a 99-year leasehold interest in real property, together with a building thereon, the lease having been made in favor of plaintiff Thomas D.

Mercola for the benefit of himself, plaintiff Archie A. Mercola, and defendant Frank E. Chester. The Mercolas subsequently assigned one half of their interest to plaintiff Joseph V. Quinn. An interlocutory judgment of partition was entered in which it was decreed that (1) the parties to the action* are the owners of an undivided interest in lessee's interest as follows: Plaintiffs Thomas D. Mercola and Archie A. Mercola 12½ per cent each, plaintiff Quinn 25 per cent, and defendant Chester 50 per cent; (2) a referee be appointed to sell the property; (3) from the proceeds of the sale the expenses and costs of sale and plaintiffs' attorneys' fees be paid, the sum of $97,026.92 be paid to the Mercolas representing the amount of their investment in the building, and the balance, if any, be divided among and paid to the parties in the respective proportions above mentioned.

Defendant Chester has appealed from the interlocutory judgment, his contention being that after paying the costs of the sale and the attorneys' fees the balance should be divided among plaintiffs and defendant without first deducting and paying to the Mercolas the sum above mentioned.

Prior to January, 1946, Chester and the Mercolas entered into a joint venture agreement with reference to a lease which Chester was to procure. Under date of February 21, 1946, the parties purported to reduce their joint venture agreement to writing by a letter signed by the Mercolas addressed to Chester in which it was stated "you [Chester] are to share equally with us in all net profits received after investment, investment costs, and expenses of every kind and character have been recouped by us." On February 22 a further agreement in the form of a letter was signed with reference to profits that might be received by Chester from a lease and building adjoining the property in question in this action.

The lease was procured by Chester and the building was erected by the Mercolas. Their total expenditure in connection with the acquisition of the lease and the construction of the building amounted to $101,097.23. From the operation of the

*Beverly Rodeo Company, Inc., was joined as a plaintiff and cross-defendant by stipulation in order that it would be bound by any judgment entered in the action. Rodeo Building Company, Inc., was made a defendant because of its ownership of an adjoining building which had an entrance and an elevator used in connection with the building involved in this action. The interests of the two corporations are not involved in this appeal. When "plaintiffs," "defendant," "respondents" and "appellant" are mentioned in this opinion such terms will refer only to the individual parties.

building they recovered a portion of their investment, leaving the sum of $97,026.92 still unrecouped. No issue is presented on this appeal in respect to the correctness of either of such amounts.

Disagreement having arisen between Chester on the one hand and Quinn and the Mercolas on the other, Chester brought an action for declaratory relief for the purpose of having the two writings construed. In that action the court made findings of fact that the true agreement between the parties was as follows: Chester would procure a long term lease for the benefit of the joint venture which would permit the erection of a store and office building on the leased premises; the lease would be taken in the name of Thomas D. Mercola as lessee for the benefit of the joint venturers; the Mercolas would pay the cost of the acquisition of the lease and of the construction of the building; the parties would become tenants in common of the lease and the building; Chester was to receive a one-half interest in the profits howsoever derived from the lease and the building, and the Mercolas were to receive a one-half interest therein; all profits would be distributed to the Mercolas until they had received an amount equal to the actual cost expended by them in acquiring the leasehold and constructing the building; profits from any interest acquired by Chester in adjoining lots were to be divided equally.

The court further found that in pursuance of the agreement Chester procured the lease, Thomas D. Mercola being named therein as lessee; the writings of February 21 and 22, 1946, did not represent the true agreement of the parties; it was the intention of the joint venturers that division of the profits should be made as above stated "subject to the recoupment by the Mercolas of the actual cost of said lease and building."

As conclusions of law the court determined that Chester was entitled to a judgment reforming and revising the agreement between the parties so as to conform to their true intent. The agreement as reformed by the court is set out in full in the conclusions. Among other things the reformed agreement provides that the parties are tenants in common of the lease and of the building in the proportion of an undivided one-half interest in favor of Chester and an undivided one-half interest in favor of the Mercolas; that Chester on the one hand and the Mercolas on the other are each to receive a one-half interest in the profits, howsoever derived, from the lease and the building subject, however, to the proviso that all net

profits shall be distributed to the Mercolas until they shall have received an aggregate amount equal to the actual cost expended by them in acquiring the leasehold plus the actual cost expended in constructing the building.

Judgment was entered in conformity with the findings of fact and conclusions of law. No appeal was taken from the judgment and it had become final at the time of the trial of the instant action. Since the parties to the prior action are the same as those in the case now before us on appeal they are bound by the findings and judgment in the first action.

After the entry of the former judgment the Mercolas and Quinn commenced the instant action for partition of the property. An interlocutory judgment was entered containing the terms set forth in the first paragraph of this opinion.

The language of the findings and conclusions in the prior action and in the reformed agreement is clear and unambiguous. Chester is not entitled to share in the profits of the lease "howsoever derived" until the Mercolas have been repaid the entire amount of their investment. Obviously the profits derived from the lease are not limited to the amount received from rentals of the building after deducting the costs of operation but would include the balance of the sale price of the lease and building remaining after the Mercolas' advancements had been repaid to them. ■ Furthermore, the cost of the acquisition of the lease and the construction of the building having been expended with the assent and authorization of Chester, he is answerable therefor and a lien exists against the property for the amount of such expenditure. (*Higgins* v. *Eva*, 204 Cal. 231, 238 [267 P. 1081].) ■ Even though one cotenant does not consent to the making of an improvement, since an action for partition is essentially equitable in its nature, a court of equity is required to take into account the improvements which another cotenant, at his own cost in good faith, placed on the property which enhanced its value and to award such cost to him. (*Ventre* v. *Tiscornia*, 23 Cal. App. 598, 604-5 [138 P. 954].)

■ Appellant contends that since the provision for the Mercolas' right of recoupment is not in the clause of the judgment declaring that Chester on the one hand and the Mercolas on the other are the owners of undivided one-half interests in the leasehold as tenants in common but first appears in a separate clause of the judgment which refers to the division of profits from the lease and building, the recoupment out of

"net profits" does not mean recoupment from a judicial sale. The terms of an agreement or of a judgment cannot always be stated in one sentence or even in one paragraph. The document must be read as a whole and its terms correlated to one another. So considered, neither the reformed agreement nor the judgment is ambiguous.

If the leasehold and building should be sold for an amount greater than the Mercolas' investment the difference would be a profit to be divided as provided in the former judgment. On the other hand, if the sale should yield an amount insufficient to repay the total amount expended by them, the division of the sale price in the manner contended for by Chester would result in his receiving a cash award without having made any cash investment and in the Mercolas' loss of their funds which were expended in the expectation, affirmed by the explicit contract of the parties, that they would be repaid before any division would be made. The result sought by appellant would be unjust and unsupportable in law or in equity.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 11, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 22, 1950.