[Civ. No. 4452. Fourth Dist. Dec. 3, 1952.]

JUNE NADEIN FITZGERALD, Respondent, v. JAMES RICHARD FITZGERALD, Appellant.

. Gerald E. Kerrin for Appellant.

Cunningham, Parry & Holcomb for Respondent.

BARNARD, P. J.—This is an action for divorce on the ground of cruelty. The complaint listed three parcels of real property as being the community property of the parties and, among other things, prayed for one-half of that property and for such other and further relief as the court might deem proper. The defendant filed an answer and cross-complaint in which he denied the existence of any community property, and alleged that all of the property in question was his separate property. The court found, among other things, that all property standing in the names of the parties as joint tenants is in fact joint tenancy property, and that the property standing in the names of the parties separately is in fact their separate property. An interlocutory decree was entered providing that the plaintiff is entitled to a divorce, awarding her the custody of a minor child, and disposing of the property in accordance with the findings. The defendant has appealed, attacking only the portions of the findings and judgment which have the effect of holding that certain of the properties were held in joint tenancy.

These parties were married in Wisconsin in 1944. They moved to this state in 1946, and purchased three parcels of real property in Long Beach. The first was an old apartment house, which later burned. A part of the purchase price was paid in cash and a trust deed given for the balance, title being taken in the names of both parties as joint tenants. Another parcel was purchased, partly for cash and with the balance payable in monthly installments, the title to which was also taken in both names as joint tenants. This property was later sold at a profit. The appellant then purchased a home in Long Beach, paying cash and title being taken in his name alone.

In 1948, a mountain resort property with cabins in San Bernardino County was purchased, part of the purchase price being paid in cash and title being taken in the names of both parties as joint tenants. In 1949 another near-by cabin

property was purchased, part of the purchase price being paid in cash and title taken in the names of both parties as joint tenants. After coming to San Bernardino County a joint bank account was maintained, on which checks were drawn by both parties.

The appellant testified that the money used in purchasing all these properties was brought by him from Wisconsin and was acquired by him prior to the marriage. Strange as it may seem, it appears from his testimony that while he was able to earn and save $30,000 in the two years before the marriage, and while he continued to conduct the same business for two years after the marriage, he was able to earn nothing during the six years of this marriage except a part of their living expenses, although his wife worked part of the time. He further testified that he did not at any time intend to give any portion of his separate property to the respondent; that when he acquired the properties in Long Beach he was told by some escrow company that it was necessary to take the titles in joint tenancy with his wife unless he paid all cash, but if he paid all cash he would not have to do so; that when he acquired the parcels in San Bernardino County he was still laboring under that assumption; and that when he bought those properties he was told the same thing by the Pioneer Title Company. However, when asked "What was your understanding when the property was placed in joint tenancy" he replied: "Well, if my wife was living with me at the time of my death, she would get the property, but if she was not living with me I wanted full say of my own property."

Appellant's main contention is that there was no evidence to support the findings to the effect that some of these parcels were held in joint tenancy. In a somewhat similar situation the court said, in *Cox* v. *Cox*, 82 Cal.App.2d 867 [187 P.2d 23] :

"The fact that the deed . . . was taken in joint tenancy established a prima facie case that the property was in fact held in joint tenancy. It raised an inference, even if the money used was separate property, that a gift was intended, there being no presumption of undue influence where the gift is from the husband to the wife. If it be conceded that the testimony of plaintiff tended to rebut the inference of a gift, whether it did in fact so rebut it was a question of fact for the trial court. Obviously, the trial court was not required

to accept defendant's explanation. The deeds themselves created a conflict and support the finding."

In that case, the court further said: "It is a reasonable inference that plaintiff's desire to deprive defendant of her interest developed only after differences arose between them leading to the pending divorce." That observation is especially appropriate here in view of the appellant's qualifying statement in explaining what his understanding was at the time the property was placed in joint tenancy.

From the time these parties came to California all property acquired, except the home in Long Beach, was taken in joint tenancy; a joint bank account was maintained for some three years; and they filed joint income tax returns for 1948 and 1949, showing rentals from these properties as jointly received. The evidence, including the rather significant testimony of the appellant himself, with the reasonable inferences therefrom, is sufficient to support the finding that all property standing in the names of the parties as joint tenants is, in fact, joint tenancy property.

It is further contended that the respondent waived the right to claim any interest in this property as a joint tenant by pleading that the property was community property. It is argued that the allegation that this was community property was denied by the answer; that the only issue before the court was whether or not this was community property; and that "no matter what the record title disclosed, the Court was bound to adjudicate the actual ownership of the property as entirely community or entirely separate." This contention is without merit. (*Sears* v. *Rule*, 27 Cal.2d 131 [163 P.2d 443].) While the complaint alleged that this was community property, the prayer also asked for such other and further relief as might be proper. The answer and cross-complaint alleged that all of the property was the separate property of the appellant, and this was denied in an answer thereto filed by the respondent. The issues as to the nature of the property and the respective interests of the parties therein was sufficiently raised and the case was mainly tried on the issue as to whether or not these properties were, in fact, held in joint tenancy and what the actual intent of the parties was in that regard.

The appellant makes the further contention that the findings are not sufficient to support the judgment since the court failed to "make findings of all material ultimate facts." As near as we can understand from the argument made it

is contended that the court failed to find that the money with which these properties were purchased was owned by the appellant prior to this marriage; and that the court should have found that the appellant did not intend to make any gift of the property to the respondent. Findings were made as to all material issues and these findings sufficiently covered these incidental matters. By finding that the joint tenancies were in fact created, the court impliedly found against the contention that no gift had been intended, and whether or not all of the money going into these properties was previously owned by the appellant could not be a controlling factor. The argument that the testimony of the appellant necessarily destroyed any inference that might otherwise be drawn from the joint tenancy deeds, that his testimony was unambiguous and unimpeached; and that the court was bound to accept that testimony as true and to find that no joint tenancy was created or existed, is without merit under the circumstances shown by the record.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied December 19, 1952, and appellant's petition for a hearing by the Supreme Court was denied January 22, 1953.