140 Cal.App.2d 428 (1956)
295 P.2d 51
EVELYN WRAY DONLON, Respondent,
v.
JAMES W. DONLON, Appellant.
Docket No. 21391.
Court of Appeals of California, Second District, Division Two.
April 2, 1956.
*429 James J. McCarthy for Appellant.
James A. Starritt for Respondent.
MOORE, P.J.
The sole question for decision herein is whether the award to respondent of five parcels of realty as her separate property although they stood in joint tenancy is supported by substantial evidence.
Respondent and appellant James were married at Los Angeles August 18, 1948, and thereafter resided in California. Having separated on December 15, 1954, respondent commenced an action for divorce eight days later, to which appellant duly filed his answer and cross-complaint. Following a trial, an interlocutory decree of divorce was filed March 14, 1955, and the motion for a new trial was denied May 4, 1955. The appeal is from the judgment and from the order denying motion for new trial. The only portion of the judgment appealed from is that awarding the five parcels to respondent.
It was proved and found that at the time of the marriage respondent owned in her separate right real property valued at $43,000 besides cash, stocks, bonds and a joint tenancy interest with her mother in another parcel of real estate, the total aggregating approximately $68,000. At the same time, appellant owned no real property. His total assets did not exceed $1,000, and he was earning a meager living by repairing automobiles. Subsequently, respondent successfully assisted her husband in getting a position of responsibility as a service *430 salesman with a car agency for which he worked for two years. About the same time, respondent announced that she was "to start buying, selling and trading real estate" by using her separate property. She was of the opinion, and so stated to appellant, that the best way for her to accomplish a quick turnover of her property was to place it in joint tenancy and whenever she made a sale to have appellant join her in the conveyance.
Appellant's basic contention is that because the property was in joint tenancy and had been acquired during the marriage, it should have been divided as community property. He contends (1) that there was no substantial evidence to support the finding that the five parcels of real property held in joint tenancy were at all times the separate property of the respondent; (2) that respondent was a real estate broker and, this being her business, her earnings would be community property, and (3) that because respondent stated that the property would be appellant's if she died, this constituted a gift in praesenti of the real property.
The trial court summed up the problem in a few words when it stated that the question is simply one of resolving the conflict of the testimony of respondent with that of the appellant. [1] In that situation, the rule is that the trier of fact is the sole judge of the weight of the evidence and credibility of witnesses; and also, a judge sitting without a jury may accept or reject any part of the competent evidence. (Kilstrom v. Bronnenberg, 110 Cal. App.2d 62, 64 [242 P.2d 65].) [2] A trial judge is not required to believe a witness merely because there is no positive contradiction of his testimony. (Travis Glass Co. v. Ibbetson, 186 Cal. 724, 727 [200 P. 595].) Such is not the situation at hand. [3] The appellate court has no power to disturb a judgment when the conclusion reached by the trial court is supported by findings which in turn are derived from substantial evidence, contradicted or uncontradicted, or when from reasonable inferences from such evidence the findings are made. (Estate of Bristol, 23 Cal.2d 221, 223 [143 P.2d 689].) [4] Because an inference contrary to that deduced by the trial court might be fairly drawn by another reasonable mind, a reversal is not thereby justified. (Redmond v. City of Burbank, 43 Cal. App.2d 711, 713 [111 P.2d 375].)
The testimony of respondent was sufficient to establish her ownership of a separate estate as above detailed and to prove that at the time of her marriage to appellant, he had *431 practically nothing. There is no evidence that respondent ever made a gift to appellant of any property or of an interest therein except in the event of her demise, but on the contrary, he testified that at the time she decided to engage in buying and selling real estate, she told him that she was going to put certain properties in both their names so that in the event either should decease, the property would not "have to go through too much legal procedure and expense." When she told him of her desire to avoid involving him in any transaction and of her wish to trade off certain properties and get others, he told her to go ahead and he agreed that if she made money, it would be her own.
[5] Where a wife has conveyed property to her husband, her intention at the time of the conveyance is the controlling question. (DeBoer v. DeBoer, 111 Cal. App.2d 500, 505 [244 P.2d 953].) The court may consider the motive for the conveyance of property and the situation of the parties at the time. [6] The mere fact of the purchase of real property with separate funds of a wife would suggest the conveyance thereof should logically be to the wife as grantee, but that fact does not, in and of itself, necessarily compel the conclusion that she has not made a gift. The circumstances, the antecedent facts, may so tend to prove her desire to make a gift as to furnish ample warrant for a conclusion that a gift to her husband was intended, and, therefore, that a gift was executed. [7] But where the evidence abundantly proves that not only no community funds were used in acquiring the property in controversy but that, on the contrary, at least half of the living expenses of the family had been paid by the wife and she has a considerable estate of her own and the husband has comparatively nothing, it is then not difficult to find in accordance with her testimony that she had no intention of making a gift of realty to her husband. In the instant matter, the husband testified that in six years and three months of marriage, he had earned $12,712.32, plus certain earnings in 1952. The testimony showed their living expenses for the period of their marriage to have been $350 per month, or $26,250 for the 75 months. Hence, the conclusion is inescapable that appellant not only was unable fully to support his wife, that he could not have invested any of his money in the real property in question, but that in fact respondent was in part responsible for his support.
[8] Parol evidence is admissible to establish an intention with respect to a transfer of property. In a similar situation *432 to the case at bar, the court found that certain pieces of property were acquired with separate funds and placed in joint tenancy "as a mere matter of convenience" in order that such property would pass, at death, to the other party. (Huber v. Huber, 27 Cal.2d 784, 786, 788 [167 P.2d 708].) Despite the presumption that appellant in this case became the owner of an undivided one-half interest in and to the property, this is a question of fact for the trial court. (Ibid., p. 788.) It is further stated in the Huber decision that income from a business set up with separate funds is allocated to community or separate property in accordance with the extent of the efforts or capital invested by the separate property owner, and that commingling of funds is not necessarily the test of ownership if the funds are accounted for. The evidence before the court showed that appellant had no hand in the managing of the property in question and did little if any work on the property. In Cozzi v. Cozzi, 81 Cal. App.2d 229, 232 [183 P.2d 739], it was held to be a question of fact whether a spouse has done enough work on the separate property of his mate to acquire an interest after marriage.
In the instant cause, the court found that appellant had not expended such effort as would give him an interest in his wife's property. [9] In support of respondent's contention is Luminoso v. Luminoso, 75 Cal. App.2d 472, 474 [171 P.2d 516], which holds that property conveyed to husband and wife as joint tenants under certain circumstances, upon the introduction of extrinsic evidence of an intent to the contrary, may be declared to be the separate property of one of the twain.
Appellant's cases are distinguishable. (Tomaier v. Tomaier, 23 Cal.2d 754 [146 P.2d 905], concerns community property, but even there the rebuttable presumption is allowed as to intent of transfer of property. Schindler v. Schindler, 126 Cal. App.2d 597 [272 P.2d 566], involved using community funds in buying property. Estate of Cummins, 130 Cal. App.2d 821 [280 P.2d 128], merely states that "persuasive evidence" of an agreement to convert their separate property into community property will rebut any presumption arising from the form in which the title is held. The trial court obviously felt that the "persuasive evidence" was not in favor of appellant.
The judgment is affirmed. The attempted appeal from the order denying a new trial is dismissed.
Fox, J., and Ashburn, J., concurred.