[Civ. Nos. 19052, 19053.   First Dist., Div. Two.   Sept. 21, 1960.]

JAMES R. CROOK, Appellant, v. WILLILENA J. CROOK, Respondent, and Consolidated Appeal.

[Civ. No. 19125.   First Dist., Div. Two.   Sept. 21, 1960.]

JAMES R. CROOK, Respondent, v. WILLILENA J. CROOK, Appellant.

Wallace B. Colthurst and Harry D. Miller for Appellant in Nos. 19052, 19053, and Respondent in No. 19125.

Francis T. Cornish for Appellant in No. 19125 and Respondent in Nos. 19052 and 19053.

SHOEMAKER, J.—This is a consolidation of three appeals. James R. Crook, hereinafter referred to as husband, and Willilena J. Crook, hereinafter referred to as wife, were granted divorces from each other on the ground of extreme cruelty. The husband appeals from that portion of the judgment disposing of certain corporate stock standing in the name of the parties as joint tenants and also from the order awarding costs and attorney's fees to the wife pending appeal. The wife appeals from the order denying alimony pending appeal.

Each of the spouses was awarded a divorce from the other on grounds of extreme cruelty on April 20, 1959. In his pleadings the husband joined a cause of action to quiet title to corporate stock held in joint tenancy. This stock, worth around $30,000, was owned by the husband as his separate property at the time of marriage. After the marriage he placed the stock in the names of himself and wife as joint tenants. The husband testified that he informed his wife that he made the change in the form of title of the stock so it would pass to her on his death without necessity of probate. She denied that he ever told her that was his purpose. The court determined that a gift to the wife had been made by the husband and that the stock was held in joint tenancy.

After the husband's motion for new trial was denied he appealed from that part of the judgment determining the status of the corporate stock. Thereafter the wife moved for attorney's fees, costs and alimony pending appeal. The court awarded her costs and fees but denied her alimony and her appeal is from this denial.

The husband contends the court erred in determining that the corporate stock was held in joint tenancy. The attack by the husband consists largely of marshalling testimony he gave at trial to the effect that he told his wife he did not intend to make a present gift, but merely wished to avoid the necessity of her having to put the property through probate in the event of his predeceasing her. This was denied by the wife, which created a conflict in the evidence.

Further, the stock being in the names of the parties as joint tenants created a rebuttable presumption of joint tenancy (*Borgerding* v. *Mumolo* (1957), 153 Cal.App.2d 821, 824 [315 P.2d 347]; *Donlon* v. *Donlon* (1957), 155 Cal.App. 2d 362, 365 [318 P.2d 189]; *Gudelj* v. *Gudelj* (1953), 41 Cal.2d 202, 212 [259 P.2d 656]), which alone suffices to give rise to a conflict in the evidence (*Schindler* v. *Schindler*

(1954), 126 Cal.App.2d 597, 601 [272 P.2d 566]; *In re Rauer's Collection Co.* (1948), 87 Cal.App.2d 248, 257 [196 P.2d 803]). The husband attempts to distinguish these cases upon the ground that they involve real property, whereas the present situation is one concerning personal property, urging that deeds have a certain sanctity. This reasoning is not convincing, for all these cases hold is that the instrument designating the form in which the property is held, is some evidence towards that conclusion. These cases are most persuasive support for applying, by analogy, that reasoning to instruments of title for personal property. Logic demands that such be done, for to do otherwise would require the court to completely ignore the form in which title is held.

■ Since on either of the foregoing bases the evidence on the intent in creation of the joint tenancy is conflicting the appellate court is governed by the often stated rule that substantial evidence being present, this court must accept the trial court's finding. (*DePuy* v. *Sullivan* (1959), 168 Cal.App.2d 292, 293 [335 P.2d 750]; *Copprell* v. *Copprell* (1948), 87 Cal.App.2d 4 [195 P.2d 868]; *Cox* v. *Cox* (1947), 82 Cal.App.2d 867, 869 [187 P.2d 23].)

The husband asserts it was error for the trial court to award the wife costs and attorney's fees pending appeal. The husband's first argument on this point is that the trial court abused its discretion. He acknowledges that a trial court which denies a wife costs and fees at the time of trial may award such on appeal. (*Diamond* v. *Diamond* (1957), 149 Cal.App.2d 788, 791 [308 P.2d 909].) The alleged abuse of discretion is claimed to be the making of such an award after a finding that the wife had funds substantially equal to those of the husband. This statement after trial was made because the wife was awarded one-half the stock in joint tenancy; such award is in dispute here. He says alimony was denied her for the same reason; the judge merely stated it was a case where both parties should be granted a divorce without any alimony. The findings of the trial court do not indicate the wife had the ability to pay her attorney's fees and costs on appeal as is claimed by the husband. ■ Since the allowance of attorney's fees and costs under Civil Code, section 137, and the amount thereof are questions for the discretion of the trial court, its order will not be set aside where, as here, there has been no showing of abuse of discretion. (*Warner* v. *Warner* (1950), 34 Cal.2d 838, 839 [215 P.2d 20]; *Baldwin* v. *Baldwin* (1946), 28 Cal.2d 406, 418 [170 P.2d

670]; *Comey* v. *Comey* (1937), 8 Cal.2d 453, 454 [66 P.2d 148].)

The husband argues that costs and fees to protect the wife's interest in joint tenancy on appeal do not come within the purview of Civil Code, section 137.3. ▮ It is clear that ordinarily a divorce court is without power to dispose of property held in joint tenancy. (*Walker* v. *Walker* (1952), 108 Cal.App.2d 605, 608 [239 P.2d 106]; *Wright* v. *Wright* (1957), 148 Cal.App.2d 257, 269 [306 P.2d 536].) However, where the questions of determination of joint tenancy and its disposition have been pleaded and tried before the divorce court, it may dispose of such property. (*Glass* v. *Glass* (1906), 4 Cal.App. 604, 608 [88 P. 734]; *Huber* v. *Huber* (1946), 27 Cal.2d 784, 793 [167 P.2d 708]; *Roy* v. *Roy* (1938), 29 Cal. App.2d 596, 603 [85 P.2d 223].) ▮ The manifest purpose of pendente lite allowances under the section in question is to enable the wife to secure adequate representation and to meet the legal expense of litigation essential to her side of the controversy in a divorce action. (*Bernheimer* v. *Bernheimer* (1951), 103 Cal.App.2d 643, 648 [230 P.2d 17]; *Warner* v. *Warner, supra,* at p. 840.) ▮ The precise question presented is whether the intent of the section extends to assuring the wife funds to litigate on appeal the issue of whether stock is joint tenancy or the husband's separate property, an issue not ordinarily before a divorce court. The husband cites several cases for the proposition that this section should not apply. *Hendrix* v. *Hendrix* (1955), 130 Cal.App. 2d 379 [279 P.2d 58], held it did not apply to an action for custody of children; *Gottlieb* v. *Gottlieb* (1957), 155 Cal.App. 2d 715, 719 [318 P.2d 763], held it did not apply where a husband sued his wife for malicious prosecution after she wrongfully sued him for back alimony. These actions clearly did not relate to or grow out of divorce, nor were they joined with an action for divorce. There is no authority bearing on the precise issue before the court. The statute purports to provide such expenses for any divorce or action "relating thereto." This type of property interest is often confused with community property by laymen and commonly is the form in which marital property is held. The actions were joined by the parties and closely relate in that once the issue of joint tenancy is pleaded before a divorce court, the court has jurisdiction to dispose of it. The only argument for not allowing such expenses is technical, that is, the question would not have been before the court if there had not been joinder.

However, where property of the spouses is held in joint tenancy and they seek divorce, if there is a dispute as to the property it will invariably be before the divorce court. Since the section is designed to assure the wife adequate funds to protect her interest in divorce controversies it would seem that this property question is encompassed by "relating thereto."

Lastly, the husband argues that the divorce action had become final by the time the wife moved for alimony, costs and fees, and thus the motion was not made during the "pendency" of a divorce action upon which such awards are conditioned by Civil Code, section 137. ▮▮▮ The husband filed his timely notice of appeal, only from that portion of the judgment concluding that the corporate stock was the joint tenancy of the parties, on June 16, 1959; the wife moved for costs and fees with regard to this appeal on June 23, 1959. The husband's appeal to that portion of the judgment determining the property to be joint tenancy prevented such portion of the judgment from becoming final. Thus it was pending at the time costs and fees were requested; as discussed earlier the court had power to award costs and fees with regard to this property status question. ▮▮▮ It is also worthy to note that the trial court's power to award suit money does not cease merely because a final decree of divorce has been entered and no appeal has been taken within the time prescribed by law; where the appeal concerns an order to accomplish a just division of property of the parties the court may award costs and fees. (*Wilson* v. *Wilson* (1948), 33 Cal.2d 107, 115 [199 P.2d 671].)

▮▮▮ The wife contends that it was error not to award her alimony pending appeal. She feels the denial was because of an erroneous assumption by the court that half the joint tenancy property would be available to her during the appeal. It is true the court denied her costs after trial because it awarded her half the joint tenancy, but there is nothing in the record to substantiate the wife's claim that the court denied her alimony pending appeal because it assumed such property would be available to her during that period. The rule stated before with regard to the trial court's discretion as to costs and fees applies equally to alimony: its order will not be set aside upon appeal unless there is clear evidence that there has been an abuse of discretion. (*Warner* v. *Warner, supra*; *Comey* v. *Comey, supra*.)

The wife argues that the appeal as to the disposition of

the corporate stock is frivolous and urges affirmance of the judgment with penalties. ██ An appeal is "frivolous" where the lack of merit is apparent from a mere glance at the record. (3 Witkin, California Procedure, § 164, p. 2354.) The cases cited by the wife are distinguishable from the present one in that they met the above-mentioned requirement. Suffice it to say that although the argument dealing with the sufficiency of the evidence raised by the husband did not prevail, the issues as to substantial evidence and legal principles raised were of a nature to require more than cursory inspection to decide the case. The appeal is not frivolous.

The judgment and orders are affirmed.

Kaufman, P. J., and Draper, J., concurred.